1999 ME 158

**Fergus KENNY**

v.

**DEPARTMENT OF HUMAN SERVICES et al.**

Supreme Judicial Court of Maine.

Argued Sept. 8, 1999.
Decided Nov. 10, 1999.

Sandra Hylander Collier (orally), Ellsworth, for plaintiff.

Andrew Ketterer, Attorney General, James McKenna, Asst. Attorney General (orally), Jennifer Duddy, Asst. Attorney General, Augusta, for defendant.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

WATHEN, C.J.

[¶ 1] Plaintiff Fergus Kenny appeals from a summary judgment entered in the Superior Court (Penobscot County, *Mills, J.*) in favor of defendant Department of Human Services on plaintiff's complaint for determination of paternity. Kenny argues that the court erred as a matter of law in failing to permit him to rescind his acknowledgement of paternity pursuant to 19–A M.R.S.A. § 1616 (1998). Kenny also asserts that the paternity statutes are unconstitutional because they make an extrajudicial acknowledgment a conclusive "adjudication" of paternity and thus deprive the court of its exercise of judicial power in violation of Article III, section 2 of the Maine Constitution. Finding no error, we affirm.

[¶ 2] The relevant facts may be summarized as follows: On August 5, 1997, the Department of Human Services served Fergus Kenny with notice of a paternity proceeding. Kenny initially denied paternity but submitted to a blood test. The test results revealed that "Fergus J. Kenny cannot be excluded as the biological father of the child ... [and that] the probability of paternity was 99.99% as compared to an untested, unrelated man of the Caucasian population." On November 1, 1997, Kenny signed an acknowledgment of paternity notarized by his attorney. As a result, the Department terminated its paternity proceeding and commenced a child support proceeding. On January 5, 1998, Kenny, through his new attorney, filed a "disavowal of acknowledgment of paternity." Thereafter, Kenny filed a complaint for determination of paternity and the Department filed a motion to dismiss. The court considered affidavits and exhibits filed by the parties and treated the motion to dismiss as a motion for summary judgment. After hearing, the court entered summary judgment in favor of the Department. Kenny appeals.

[¶ 3] "We review the entry of a summary judgment for errors of law, viewing the evidence in the light most favorable to the party against whom the judgment was entered." *Rodrigue v. Rodrigue,* 1997 ME 99, ¶ 8, 694 A.2d 924, 926 (citation omitted). Summary judgment will be upheld if the evidence produced

demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See id.* (citation omitted). "To survive a defendant's motion for summary judgment, a plaintiff must produce evidence that, if produced at trial, would be sufficient to resist a motion for a judgment as a matter of law." *Id.* " 'A fact is material when it has the potential to affect the outcome of the suit.' " *Prescott v. State Tax Assessor,* 1998 ME 250, ¶ 5, 721 A.2d 169, 172 (citation omitted). An issue is genuine if sufficient evidence supporting the claimed factual dispute exists to require a choice between the parties' differing versions of the truth at trial. *See id.,* 721 A.2d at 171–72 (citation omitted). "Neither party may rely on conclusory allegations or unsubstantiated denials, but must identify specific facts derived from the pleadings, depositions, answers to interrogatories, admissions and affidavits to demonstrate either the existence or absence of an issue of fact." *Vinick v. Commissioner of Internal Revenue,* 110 F.3d 168, 171 (1st Cir.1997).

■ [¶ 4] Kenny argues that the court erred as a matter of law in not applying 19–A M.R.S.A. § 1616[1] and instead applying 19 M.R.S.A. § 530.[2] The Department served Kenny with a notice of paternity proceeding on August 5, 1997; section 1616 became effective on October 1, 1997; and Kenny signed the acknowledgment of paternity on November 1, 1997. The paternity proceeding was commenced as an administrative proceeding in accordance with the expedited process for the commencement of paternity action provisions set forth in 19 M.R.S.A. §§ 517–530, *repealed by* P.L.1995, ch. 694, § B–1 (effective October 1, 1997).[3] When the expedited process subchapter was recodified effective October 1, 1997, section 530 became section 1614. Also effective October 1, 1997, was the addition of section 1616. *See* P.L.1997, ch. 537, § 21 (effective October 1, 1997). Section 1616 contains the following provisions that section 530 does not: a 60–day right to rescind the acknowledgment of paternity and a provision for notice that must precede the signing of the acknowledgment. Pursuant to section 530, however, once Kenny signed the acknowledgment of paternity, the Department was required to

1. Section 1616 provides in pertinent part as follows:

§ 1616. **Voluntary acknowledgment of paternity**

**1. Legal finding of paternity.** A signed voluntary acknowledgment of paternity is a legal finding of paternity, subject to the right of a signatory to rescind the acknowledgment within the earlier of 60 days or the date of an administrative or judicial proceeding relating to the child, including a proceeding to establish a support order, in which the signatory is a party. After the right to rescind ends, the acknowledgment may be challenged in court only on the basis of fraud, duress or material mistake of fact with the burden of proof on the challenger and under which the legal responsibilities of a signatory arising from the acknowledgment, including child support obligations, may not be suspended during the challenge except for good cause shown.

**2. Notice.** Before a mother and putative father may sign an acknowledgment of paternity, the mother and the putative father must be given oral and written notice of the alternatives to, the legal consequences of and the rights and responsibilities that arise from signing the acknowledgment.
19–A M.R.S.A. § 1616(1) & (2) (1998).

2. The statute in effect at the time the proceeding was commenced was 19 M.R.S.A. § 530. Section 530 provides as follows:

If, prior to the filing in a court the alleged father executes and delivers to the department an acknowledgment of paternity of the child in accordance with the laws of the state in which the child was born, the proceeding must be terminated and the department may proceed against the father under subchapter V with respect to any remedy provided under that section.
P.L.1991, ch. 256 (codified at 19 M.R.S.A. § 530), *repealed by* P.L.1995, ch. 694, § B–1 (effective October 1, 1997). Section 530 was recodified at 19–A M.R.S.A. § 1614 (1998).

3. P.L.1995, ch. 694, § B–2 (effective October 1, 1997) recodified 19 M.R.S.A. §§ 517–530 at 19–A M.R.S.A. §§ 1601–1614 (1998).

terminate the paternity proceeding. *See* 19 M.R.S.A. § 530, *repealed by* P.L.1995, ch. 694, § B–1.

[¶ 5] Section 1616 did not apply to the paternity action in question because the paternity proceeding was pending at the time section 1616 became effective. The savings clause provides in relevant part as follows: "Actions and proceedings pending at the time of the passage, amendment or repeal of an Act or ordinance are not affected thereby." 1 M.R.S.A. § 302 (1989). We have held that "[a]bsent the requisite clear and unequivocal language to the contrary, the general rule that actions and proceedings pending at the time of the passage, amendment or repeal of an act or ordinance are not affected thereby, applies." *Riley v. Bath Iron Works Corp.*, 639 A.2d 626, 628 (Me.1994); *see also De-Mello v. Department of Envtl. Protection*, 611 A.2d 985, 986 (Me.1992). The paternity proceeding was commenced when the Department served Kenny with a notice of proceeding to commence an action pursuant to 19 M.R.S.A. § 521, *repealed by* P.L. 1995, ch. 694, § B–1.[4] Further, there is no legislative statement that the Legislature intended to apply section 1616 to pending actions. Moreover, contrary to Kenny's contention, section 1616 is an integral part of the expedited process for determining paternity and cannot be characterized as standing alone. Accordingly, section 1616 did not apply to the pending paternity proceeding.

[¶ 6] Because section 1616 did not apply, Kenny was not entitled to the 60–day right to rescind and the specific notice provisions. Further, we assume, without deciding, that, because section 1616 did not

apply, the acknowledgment of paternity pursuant to 19 M.R.S.A. § 530 was not conclusive of paternity, as it would now be pursuant to section 1616. Therefore, the issue is whether Kenny demonstrated a genuine issue of material fact to survive summary judgment. We find that the acknowledgment of paternity, together with the presumption of paternity established by the paternity test results, demonstrate that no genuine issue of material fact exists as to Kenny's paternity and that the Department is entitled to judgment as a matter of law. The statements alleged by Kenny in his affidavit concerning the reasons for challenging paternity are conclusory and unsubstantiated and thus do not demonstrate that a genuine issue of material fact exists concerning paternity. *See Vinick v. Commissioner of Internal Revenue*, 110 F.3d 168, 171 (1st Cir.1997).

[¶ 7] Further, contrary to Kenny's argument that 19 M.R.S.A. § 530 severely restricts the court in its exercise of the judicial power over the adjudication of paternity in violation of Article III, section 2 of the Maine Constitution,[5] we find the statute constitutional. A statute is presumed to be constitutional and the person challenging the constitutionality has the burden of establishing its infirmity. *See Union Mutual Life Ins. Co. v. Emerson*, 345 A.2d 504, 507 (Me.1975). Kenny's argument does not meet that burden and is unsupported by any authority.

[¶ 8] The court committed no error in denying Kenny's motion to rescind his acknowledgement of paternity, nor did it err in determining that he was the father of the child.

4. Section 521 provides in pertinent part as follows: "The department may commence a paternity proceeding by serving a notice on an alleged father." P.L.*1991*, ch. 256 (codified at 19 M.R.S.A. § 521), *repealed by* P.L. 1995, ch. 694, § B–1 (effective October 1, 1997). Section 521 was recodified at 19–A M.R.S.A. § 1605 (1998).

5. The relevant sections provide as follows:

Section 1. The powers of this government shall be divided into three distinct departments, the legislative, executive and judicial.

Section 2. No person or persons, belonging to one of these departments, shall exercise any of the powers properly belonging to either of the others, except in the cases herein expressly directed or permitted.

Me. Const. art. III, §§ 1, 2.