STATE OF MAINE
PENOBSCOT, ss.

FILED AND ENTERED
SUPERIOR COURT

FEB 2 7 2002

PENOBSCOT COUNTY

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-00-214
AMM- PEN- 2 27 2002

STUART SACHS, et al.,
        Plaintiffs

v.

FRIENDLY'S ICE CREAM
CORPORATION,
        Defendant

)
)
)
)
)
)
)
)

**ORDER AND DECISION**

DONALD L. GARBRECHT
LAW LIBRARY

MAR 1 2002

The matter is before the court on the defendant's motion for summary judgment on all counts, or partial summary judgment.

## BACKGROUND

The record demonstrates the following. The plaintiffs, Stuart Sachs ("Sachs") and Barbara Lawrence ("Lawrence"), run a partnership named Silent Partners, a vending machine business. As part of its business, Silent Partners installs vending machines, such as gumball and candy machines, at various locations and pays commissions to those locations for the use of the space. The defendant, Friendly's Ice Cream Corporation ("Friendly's"), is a corporation organized under the laws of the Commonwealth of Massachusetts, and operates numerous restaurants in Maine.

On or about February 11, 2000, the plaintiffs entered into an oral agreement by phone with Michael Tisdale ("Tisdale"), who, at the time, worked as a district manager for Friendly's. Under the agreement, Silent Partners placed vending machines in several restaurants in Tisdale's district. Tisdale's district included restaurants in Maine, New Hampshire, and Massachusetts. According to Sachs, the only reason Silent Partners agreed to this arrangement with Tisdale was because Tisdale said he had corporate approval to get the machines into the restaurants. The agreement, as understood by the plaintiffs, was "long-term," but had no specified duration. As time progressed, Silent Partners placed machines in all of Tisdale's restaurants, and started placing machines in other Friendly's restaurants in other districts.

At some point in May 2000, one of Tisdale's supervisors observed the vending machines in one of the restaurants. Tisdale and the other district managers were directed to remove them. On June 2, 2000, Tisdale informed Silent Partners that they needed to remove the machines as soon as possible. After removing the machines, the plaintiffs instituted this action, claiming they incurred damages, including those for machines they specifically bought for this agreement, and loss of income.

The plaintiffs also claim they suffer physical problems directly related to the agreement with Friendly's. Lawrence claims she suffers severe emotional distress as a result of the defendant's conduct, including dizzy spells, forgetfulness, distress, irritability, head aches, panic attacks, chronic fatigue, insomnia, recurring nightmares and cold sweats, stiff neck, anxiety and loss of memory. Sachs claims he has been distraught, disengaged and forgetful, and suffers from recurring indigestion.

The plaintiffs brought this action on November 14, 2000, alleging breach of contract (Count I), negligent infliction of emotional distress (Count II), intentional infliction of emotional distress (Count III), and negligent misrepresentation (Count IV). Friendly's now moves this court for summary judgment on all, or some, of the plaintiffs' counts. For the following reasons, the motion is allowed.

## DISCUSSION

### I. Summary Judgment Standard

A party is entitled to summary judgment when there are no genuine issues of material fact, and that party "is entitled to judgment as a matter of law." M.R. Civ. P. 56 (c); In Re Estate of Davis, 2001 ME 106, ¶ 7, 775 A.2d 1127, 1129. "A fact is material when it has the potential to affect the outcome of the suit." Kenny v. Dep't of Human Services, 1999 ME 158, ¶ 3, 740 A.2d 560, 562 (citation omitted). "An issue is genuine if sufficient evidence supporting the claimed factual dispute exists to require a choice between the parties' differing versions of the truth at trial." Id. (citation omitted).

"To survive a defendant's motion for summary judgment, a plaintiff must

produce evidence that, if produced at trial, would be sufficient to resist a motion for a judgment as a matter of law." <u>Kenny</u>, 1999 ME 158, ¶ 3 (citation omitted). "[T]o avoid a judgment as a matter of law at a trial, a plaintiff must establish a *prima facie* case for each element of his cause of action." <u>Barnes v. Zappia</u>, 658 A.2d 1086, 1089 (Me. 1995). In other words, the plaintiff must produce evidence that demonstrates that the existence of each element is "highly probable rather than merely likely." <u>Id</u>.

## II. Breach of Contract (Count I)

The breach of contract claim is premised on the plaintiffs' ability to enforce the oral agreement with Tisdale against Friendly's. Friendly's makes several arguments as to why it is entitled to summary judgment as a matter of law on this count. First, Friendly's argues that there is no evidence that the parties entered into a contract with a definite duration; second, there is no contract because the parties did not mutually agree to be bound to a term of years; third, the lack of either a period of duration or termination clause in the contract made the contract one that was terminable at will; fourth, there is no evidence that Tisdale or any of the other district managers had the authority to bind Friendly's to the contract; and fifth, even if there were a factual dispute as to whether a contract existed, the term of the contract must be for a term of one year or less.

The parties agree that their agreement, such as it was, contained no clearly stated term. The only language which the plaintiffs claim related to the length of the term was "long term" - an clearly ambiguous term with no legal enforceability. As any contract for a term in excess of one year must be in writing, this circumstance delimits the plaintiffs' contract claim to lost income for a maximum of one year for each location running from the date of the installation of the machine at that location.[1] Accordingly, partial summary judgment is granted in favor of the defendant on the breach of contract claim limiting damages to a maximum of one year only. The remainder of the defendant's defenses are fact-driven and may be submitted to the jury. [NOTE: the plaintiffs still bear the burden of proving the existence and length of the contract and the entitlement to, and amout of, damages.]

---

[1] - The claimed damages for emotional distress and such are not within the scope of damages for such an alleged breach.

### III. Negligent Infliction of Emotional Distress (Count II)

Despite plaintiff's arguments to the contrary, they advance no meritorious argument that the defendant's actions were negligent. This is a matter rooted in contract law, and the court record suggests no actions upon the part of the defendants which were not intentional. Summary judgment is granted on Count II to the defendants.

### IV. Intentional Infliction of Emotional Distress (Count III)

In Count III, the plaintiffs claim that Friendly's acted with conduct "so extreme and outrageous, it exceeded all possible bounds of decency, thereby inflicting serious emotional distress . . . ." Again, the plaintiffs' claim is based on the fact of the breach or repudiation of a claimed contract. The record establishes no basis for the tort of intentional infliction of emotional distress. On the contrary, it would appear that a lower level employee's actions were simply overridden based upon company policy. Accordingly, the defendant's motion for summary judgment is allowed as to Count III.

### V. Negligent Misrepresentation (Count IV)

In Count IV, the plaintiffs allege that Friendly's "through its Agents, gave false information of material facts to the plaintiffs and failed to exercise reasonable care or competence." The plaintiffs also allege that they "relied on said information in their business transactions and suffered severe economic loss . . . ."

To prevail on a motion for summary judgment on a claim of negligent misrepresentation, a plaintiff must demonstrate facts tending to show that Friendly's, through Tisdale, "supplied[d] false information for the guidance of [the plaintiffs] in their business transactions," that the plaintiffs justifiably relied on that information, and that Tisdale "fail[ed] to exercise reasonable care or competence in obtaining or communicating [the] information." McCarthy v. U.S.I. Corp., 678 A.2d 48, 53 (Me. 1996) (quotation and citation omitted). "[A] principal is liable for fraudulent misrepresentations made by his agent *within the scope of the agent's authority* whether or not the principal knows or is unaware of his agent's misconduct." Arbour v. Hazelton, 534 A.2d 1303, 1306 (Me. 1987) (emphasis added); Crowley v. Dubuc, 430 A.2d 549, 552 (Me. 1981); RESTATEMENT (SECOND) AGENCY § 257

(1958).

The record establishes conclusively that the plaintiffs undertook various investments upon the presumption that they would have a continuing business relationship with Friendly's - despite the fact that their unwritten contract contained utterly no definitive term of the relationship. The record discloses no misrepresentation of a material fact to the plaintiffs. At the times when plaintiffs were allowed to install their machines at the restaurants, Tisdale anticipated that the machines would be left there for an indefinite period. At some point, that indefinite period was declared to have concluded by the defendants. Plaintiffs were without a legal basis to expect more. As such, defendants are entitled to summary judgment on Count IV.

THE DOCKET ENTRY IS:

The defendant's motion for summary judgment is GRANTED as to counts II,III, and IV. Partial summary judgment is GRANTED on count I to the extent that damages are limited to lost income and are capped for each location to a maximum of one year from the installation of any machine there.

The clerk is directed to incorporate this order into the docket by reference.

Dated: February 27, 2002

JUSTICE, SUPERIOR COURT

Date Filed _____ 11/14/2000 _____ PENOBSCOT _____ Docket No. _____ CV-2000-214

County

Action ___ CONTRACT ___

ASSIGNED TO JUSTICE FRANCIS C. MARSANO
**RE-ASSIGNED TO JUSTICE ANDREW M. MEAD**

STUART H. SACHS,
BARBARA L. LAWRENCE and
SILENT PARTNERS

vs.   FRIENDLY'S ICE CREAM CORPORATION

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| DONALD BROWN ESQ<br>6 STATE STREET SUITE 308<br>BANGOR ME 04401 | Farrell, Rosenblatt & Russell<br>P O Box 738<br>Bangor ME  04402-0738<br>BY:  Gregory P. Dorr, Esq. |

| Date of Entry | |
|---|---|
| 11/14/00 | Complaint filed. |
| 11/14/00 | Notice of Service of Summons and Complaint and Acknowledgment of Receipt of Summons and Complaint filed (s.d. 11/2/00 by Aaron Parker, Esq.) |
| 11/14/00 | Case File Notice Postcard forwarded to Plaintiff's counsel. |
| 11/17/00 | Answer and Affirmative Defenses filed by Defendant. |
| 11/20/00 | Scheduling Order filed.  Discovery deadline is August 1, 2001. (Marsano, J.) Copy forwarded to attorneys of record. |
| 12/8/2000 | Jury Trial Fee $300.00 PAID by Plaintiff. |
| 1/31/01 | Notification of Discovery Service filed by Deft. Friendly's Ice Cream Corporation, Deft. Interrogatory No.s 1 - 20 propounded to Plaintiff Silent Partners; Deft.'s Interrogatory Nos. 1 - 15 propunded to Plaintiff Stuart H. Sachs; Deft.'s Interrogatory Nos. 1 -15 propounded to Plaintiff Barbara L. Lawrence;  Deft. Request for Production of Documents Propounded to Plaintiff Silent Partners. |
| 2/2/01 | Notification of Discovery Service filed by Defendant, Request for Entry upon Property of Plaintiffs. |
| 2/21/01 | Motion for Extension of Time to File Designation of Expert Witnesses filed by Plaintiff. (no obj.) |
| 2/22/01 | Order filed.  Plaintiff's Motion to Extend Time is hereby Granted in part.  Expert Witness Designation  is due on or before March 2, 2001.  (No basis for enlargement provided) (Hjelm, J.) Copy forwarded to attorneys of record. |