STATE OF MAINE
HANCOCK, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO.:CV-01-67

AMM-HAN- 3/17/2003

DONALD L. GARBRECHT
LAW LIBRARY

MAR 27 2003

MERLE CROSSMAN,          )
                         )
    Plaintiff        )
                         )
v.                       )          ORDER
                         )
MIDDLESEX MUTUAL ASSURANCE )
COMPANY,                 )
                         )
    Defendant        )

Pending before the Court is Middlesex Mutual Assurance Company's ("Middlesex") Motion for Summary Judgment. For the following reasons the motion is hereby denied.

## Background

On November 18, 1999, Middlesex issued Merle Crossman ("Crossman") a homeowner's policy that provided coverage for fire damage. DSMF ¶1. The policy stated in relevant part:

> We do not insure for loss caused directly or indirectly by an of the following...
> h. Intentional Loss, meaning any loss arising out of any act committed:
>     (1) By or at the direction of an "insured", and
>     (2) With the intent to cause the loss.
>     DSMF ¶4

On December 17, 1999, there was a fire at Crossman's insured property and on January 24, 2000, he placed a claim pursuant to his policy. DSMF ¶5, 6. The Maine State Fire Marshal's office concluded the fire was intentional and after an investigation Middlesex denied Crossman's claim. DSMF ¶7, 8. On June 6, 2000, a Hancock County grand jury indicted Crossman for arson and on May 7, 2002, Crossman entered a plea of nolo contendere. DSMF ¶9, 12 The court sentenced him to a term of imprisonment for six

1

years with all but eighteen months suspended. DSMF ¶13. On December 17, 2001, Crossman filed the present suit alleging breach of contract.[1]

## Arguments

Middlesex contends that collateral estoppel bars Crossman's suit. Middlesex argues that Crossman's conviction for arson establishes the necessary facts for final judgment. Middlesex notes other jurisdictions, Alaska and California, which allow parties to apply collateral estoppel to convictions arising from nolo pleas. Middlesex further contends that judicial estoppel bars Crossman's suit and notes that it is against public policy to indemnify people for their criminal acts. Landry v. Leonard, 1998 ME 241,¶11, 720 A.2d 907.

Crossman contends that a party to a civil suit may not use a nolo plea as an admission against an accused in a civil suit and therefore a nolo plea does not create an estoppel. Accordingly, Crossman further contends that judicial estoppel is inapplicable to his nolo plea.

## Discussion

Summary judgment is no longer an extreme remedy. Curtis v. Porter, 2001 ME 158, ¶7, 784 A.2d 18. Summary judgment is appropriate when there are no genuine issues of material fact, and the facts entitle a party to judgment as a matter of law. M.R. Civ. P. 56 (c); In Re Estate of Davis, 2001 ME 106, ¶7, 775 A.2d 1127, 1129. A fact is material when it has the potential to affect the outcome of the suit. Kenny v. Dep't of Human Services, 1999 ME 158, ¶3, 740 A.2d 560, 562 (citation omitted). An issue is

---

[1] Crossman, in his reply statement of material facts, states, "The Plaintiff agrees with the Statement of Material Facts submitted by the Defendant. He denies that he caused the fire to his Orland, Maine property." The Court deems Middlesex's Statement of Material Facts admitted, and chooses to disregard Crossman's additional material fact regarding his denial. M.R. Civ. P. 56(h)(4).

2

genuine if sufficient evidence supporting the claimed factual dispute exists to require a choice between the parties' differing versions of the truth at trial. Id. (citation omitted). In the present case there are no disputed genuine issues of material fact. The parties have agreed that Crossman pleaded nolo contendere to arson. Middlesex contends this admission entitles them to a judgment as a matter of law because the nolo plea creates an estoppel which would prevent Crossman from contending he did not start the fire.

Collateral estoppel is a "flexible doctrine meant to serve the ends of justice not to subvert them." Pattershall v Jenness, 485 A.2d 980, 983 (Me. 1984). Collateral estoppel works to prevent the relitigation of issues when the issues were actually litigated and finally adjudicated in a criminal proceeding. Butler v. Mooers, 2001 ME 56, ¶8, 771 A.2d 1034, (internal quotations and citations omitted). The "conviction conclusively establishes all facts essential to the final judgment of conviction and is preclusive in favor of a third party in a subsequent civil action." Id. The Courts have applied collateral estoppel to convictions based on jury verdicts and guilty pleas finding that "the full and fair opportunity to litigate" the matter protects due process rights. Id.[2] The Court has not yet applied collateral estoppel to convictions based on nolo pleas.

A nolo plea allows a defendant to resolve a criminal matter without formally admitting guilt. Cluchey and Seitzinger, Maine Criminal Practice, §11.8 at IV-35 (Revised Ed. 1995). See also State v. Pokorny, 458 A.2d 1212, n.5 (Me. 1983).[3] The

---

[2] Crossman may have had a fair opportunity to litigate the criminal matter. In fact, he initially argued the facts and the trial ended with a deadlocked jury. Although it is difficult to establish the absence of incentive to fully litigate when dealing with a serious crime, Crossman argues that he did not have the incentive to litigate a second time considering his chances of success following a deadlocked jury in the initial trial. Pattershall, 485 A.2d at 983.

[3] Although a defendant who pleads nolo contendere does not formally admit guilt, the Court is not allowed to accept a nolo plea unless, "there is a factual basis for the charge, as provided in subsection (e)." M.R. Crim. P. 11(b)(3). See also Starr Tyme, Inc. v. Cohen, 659 So.2d 1064,

3

nolo plea is attractive because, "a plea of nolo contendere is not admissible in any civil or criminal proceedings against the person who made the plea." M.R. Crim. P. 11(g). The Court stated in Cox v. Romanow, 1999 Me. Super. LEXIS 93, *6, CV-98-490 (March 29, 1999) that the "plea of nolo cannot be used as an admission against the accused in a civil suit." However, Middlesex is not attempting to prevent Crossman from defending himself in a civil action. Crossman is the civil plaintiff.[4]

Courts apply nonmutual collateral estoppel "on a case by case basis if it serves the ends of justice." State Mutual Insurance v. Bragg, 589 A.2d 35, 37 (Me. 1991). Under the set of facts before the Court summary judgment may be appropriate. However, considering that the Law Court has not previously applied collateral estoppel to nolo pleas and further considering the traditional notion of the nolo plea, the Court deems the more prudent route would be to allow the matter to proceed to trial.

THE DOCKET ENTRY IS:

Middlesex's Motion for Summary Judgment is hereby denied.

The clerk is ordered to incorporate this decision into the docket by reference.

_____
Justice, Superior Court

DATED: March 14, 2003

FILED &
ENTERED

MAR 17 2003

SUPERIOR COURT
HANCOCK COUNTY

---

1068, (Supreme Court of Florida 1999) (Holding that the judicial determination of the facts of the underlying offense affords an adequate safeguard to ensure there has been a reliable determination of the facts underlying a final judgment entered pursuant to a nolo plea).

[4] The Court notes that evidentiary rules do not effect the doctrines of res judicata or collateral estoppel. Pattershall, 485 A.2d at n.1. The use of collateral estoppel does not turn on admissibility. However, the Court recognizes the evidentiary rules as descriptive of the traditional notion of a nolo plea.