STATE OF MAINE                          BUSINESS AND CONSUMER COURT

Cumberland, ss.                         AMH    -CUM- 12/10/2013


STAAB AGENCY, INC. and
SHIRLEY ST. PIERRE

                        Plaintiffs

            v.                          Docket No. BCD-CV-13-24    ✓

L A DELANO AGENCY, LLC and
LUKE A. DELANO

                        Defendants

## ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendants L A Delano Agency, LLC and Luke A. Delano have moved for summary judgment on the four-count Amended Complaint filed against them by Plaintiffs Staab Agency, Inc. and Shirley St. Pierre. The court elects to decide the Motion without oral argument. *See* M.R. Civ. P. 7(b)(7). For the reasons stated below, the court grants the Defendants' Motion for Summary Judgment as to Counts One and Three of the Amended Complaint and denies the Motion as to Counts Two and Four.

### Factual Background

The following summary of facts is based on the Amended Complaint and the parties' Statements of Material Facts, with factual disputes noted where they are material. At all relevant times, Plaintiff Shirley St. Pierre [St. Pierre] has been the owner of Plaintiff Staab Agency, Inc. [Staab], a business in Jefferson, Maine that primarily titles and registers vehicles for out-of-state customers. In 2005, Defendant Luke Delano [Delano] was hired by Staab as St. Pierre's assistant. According to the Verified Complaint, Staab at all relevant times has used proprietary software to perform essential tasks and maintains proprietary and confidential information.

1

Delano had no prior experience in the vehicle titled and registration business. His work at the Staab Agency consisted of administering the company and managing employees, and he was not involved in registering vehicles. DSMF ¶3 (admitted by Plaintiffs). [1] The parties agree that his duties included issuing payroll and bonus checks to Staab employees, St. Pierre and members of St. Pierre's family, as directed by St. Pierre. DSMF ¶11 (admitted by Plaintiffs).

In October 2007, St. Pierre requested a number of her employees to execute an Agreement Not to Compete or Disclose in the form attached as Exhibit A to the Amended Complaint. Delano witnessed other employees' signatures on the Agreement Not to Compete or Disclose, but did not himself sign it. There is a dispute as to why he did not sign the Agreement Not to Compete or Disclose. St. Pierre claims she thought he had signed it, whereas Delano claims he offered to sign but was told by St. Pierre that he did not need to. In any case, there is no dispute that he did not sign.

St. Pierre's Amended Complaint suggests that Delano may have signed and later removed the copy signed by him from his personnel file. However, in their responses to Defendants' Statement of Material Facts paragraph 5, the Plaintiffs acknowledge that Delano never signed the Agreement Not to Compete or Disclose although they claim, and he denies, that he was asked to sign. DSMF ¶5 (qualified admission by Plaintiffs).

From April 17, 2009 to October 28, 2010, St. Pierre was incarcerated as a result of being convicted of federal tax evasion. Her conviction occurred in October 2008, and she was sentenced in February 2009. *See* DSMF ¶13-14 (essentially admitted by Plaintiffs). Around the time of her sentencing, St. Pierre executed and delivered a General Durable Power of

---

[1] This and similar references are to numbered paragraphs within the Defendants' Statement of Material Facts.

2

Attorney instrument in favor of Delano, to enabling him to manage the Staab Agency's business during her incarceration.

During St. Pierre's incarceration, Delano essentially managed Staab's office, although St. Pierre remained as involved as she could be from a federal prison; she was able to communicate with Delano about the Staab business by electronic mail, and authorized Delano to issue checks to Staab employees and to St. Pierre's family members, as she had done before her incarceration. Delano used the power of attorney to act in St. Pierre's stead in a number of Staab's business and St. Pierre's personal transactions. In addition, Delano continued to issue checks to employees as he had before St. Pierre's absence from the business.

After St. Pierre returned to Staab in October 2010, she resumed overall responsibility for the business, and Delano returned to the administrative role he had previously occupied for Staab's office operation, including issuing checks to Staab employees and members of St. Pierre's family. The power of attorney instrument apparently remained in force until Delano's departure although he did not exercise it in the manner he had during St. Pierre's absence.

In January 2012, Delano left the employ of the Staab agency. Later that year, he opened his own vehicle titling and registration business, Defendant L A Delano, LLC ["the Delano agency"]. Although much smaller than Staab, the Delano agency is a competitor of Staab in the field of vehicle titling and registration.

In April 2013, Plaintiffs St. Pierre and Staab commenced this action against Delano and the Delano agency. Both the Verified Complaint and the Plaintiffs' Amended Complaint, which was docketed August 30, 2013, present Plaintiffs' claims in four numbered counts:

- Count One is for injunctive relief against both Defendants based on the Defendants' alleged violations of "the spirit, if not the letter, of the Agreement Not To Compete or Disclose" and the Defendants' alleged misappropriation of Staab's "proprietary

3

computer software, or information contained therein, and other confidential business information."

- Count Two for embezzlement alleges that Delano embezzled $75,000 from Staab while employed there. Specifically, Plaintiffs claim that Defendant Delano wrote himself and negotiated a series of $5,000 checks drawn on Staab's checking account on dates in February and August 2007, January 2008, and November and December 2010, without authorization.

- Count Three for misappropriation seeks damages against Delano for his alleged misappropriation of Staab's proprietary software, information therein, and other confidential information

- Count Four seeks punitive damages against Delano for committing acts of misappropriation and embezzlement with actual or implied malice

Defendants have denied liability, and their summary judgment motion goes to all of the Plaintiffs' claims. Specifically, Defendant Delano denies that the Agreement Not to Compete or Disclose binds him, because he never signed it. He denies he misappropriated any propriety software or confidential information from Staab. He claims that all of the checks making up Plaintiffs' $75,000 embezzlement claim were authorized by St. Pierre.

## Analysis

### 1. *Standard of Review*

Pursuant to M.R. Civ. P. 56(c), a moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, . . . show that there is no genuine issue as to any material fact set forth in those statements and that [the] party is entitled to a judgment as a matter of law." *See also Beal v. Allstate Ins. Co.*, 2010 ME 20, ¶ 11, 989 A.2d 733. At this stage, the facts in the summary

4

judgment record are reviewed "in the light most favorable to the nonmoving party." *Lightfoot v. Sch. Admin. Dist. No. 35*, 2003 ME 24, ¶6, 816 A.2d 63. However, a party wishing to avoid summary judgment must present a prima facie case for each element of the claim or defense that is asserted against it. *See Reliance Nat'l Indem. v. Knowles Indus. Svcs.*, 2005 ME 29, ¶9, 868 A.2d 220.

"If material facts are disputed, the dispute must be resolved through fact-finding." *Curtis v. Porter*, 2001 ME 158, ¶7, 784 A.2d 18. A factual issue is genuine when there is sufficient supporting evidence for the claimed fact that would require a fact-finder to choose between competing versions of the facts at trial. *See Inkel v. Livingston*, 2005 ME 42, ¶4, 869 A.2d 745. "Neither party may rely on conclusory allegations or unsubstantiated denials, but must identify specific facts derived from the pleadings, depositions, answers to interrogatories, admissions and affidavits to demonstrate either the existence or absence of an issue of fact." *Kenny v. Dep't of Human Svcs.*, 1999 ME 158, ¶3, 740 A.2d 560 (quoting *Vinick v. Comm'r*, 110 F.3d 168, 171 (1st Cir. 1997)).

With that standard in mind, the inquiry turns to whether the Defendants have demonstrated that they are entitled to summary judgment.[2]

---

[2] Defendants' reply filing in response to the Plaintiffs' opposition includes material beyond what Rule 56 permits. Rule 56(h)(3) provides for the moving party to submit a reply statement of material facts "limited to the additional facts submitted by the opposing party and any objections to denials or qualifications . . ." The Defendants' reply statement of material facts includes responses to the 16 numbered paragraphs of additional facts submitted by Plaintiffs, but goes on to include 13 new numbered paragraphs of further facts. The court disregards the 13 paragraphs because they are not permitted by the rule. Accordingly, the court also disregards the further affidavit of Luke A. Delano as it relates to those 13 extraneous paragraphs.

However, the court does consider the transcript of Nancy Cronin's deposition attached as Defendants' Exhibit 5, in part because the Plaintiffs' opposition repeatedly refers to the upcoming deposition of Ms. Cronin regarding the Delano agency's computer software system.

No request to reopen the summary judgment record has been submitted in the weeks since the last filing, so the court trusts and assumes that the parties are content for the court to rule based on the present record.

## 2. *Count One (Request for Injunctive Relief)*

The Amended Complaint itself acknowledges that to obtain injunctive relief, the Plaintiffs must show irreparable harm as well as a likelihood of success, among other things. The irreparable harm alleged in this case consists of Defendant Delano's alleged violation of the Agreement Not to Compete or Disclose and his alleged misappropriation of confidential software, or software data, or other confidential information. Certainly, violation of a covenant not to compete and misappropriation of confidential or proprietary information or software can be the basis for injunctive relief. In this case, however, the Plaintiffs have not responded to Defendants' summary judgment motion with a *prima facie* showing of liability, as is their burden at this stage.

With respect to the breach of the Agreement Not to Compete or Disclose, the admitted fact that Delano never signed the document is fatal to that aspect of the Plaintiffs' claim. As Delano points out, agreements not to compete are within the Statute of Frauds, 33 M.R.S. § 51. In addition, even when duly memorialized for purposes of the Statute of Frauds, they are strictly construed. Moreover, the pleadings do not generate, either expressly or by implication, any basis for avoiding the Statute of Frauds, such as reformation or promissory estoppel. The court sees no possibility that the Agreement Not to Compete or Disclose would be enforced in equity, by means of injunctive relief, against a party that admittedly never signed it.

With regard to the claim of misappropriation of software, Plaintiffs' response to the Defendants' motion does not effectively put any such issue into contention. Plaintiffs were obligated to show that there is a genuine issue as to whether Delano misappropriated Staab's proprietary software. Delano asserts, without effective contradiction by Plaintiffs, that his business uses a commercial software system that he purchased and paid to have adapted to the

6

Delano agency's needs, and that the agency is not using any software developed or used by Staab.

With regard to Staab's claim that Delano misappropriated customer lists and other confidential or proprietary information, once again Plaintiffs' opposition does not identify any such misappropriation or effectively put issues of misappropriation into contention. Plaintiffs do propound additional statements of material fact in response to those of the Defendants, but none that is relevant to the Plaintiffs' misappropriation claims.

The Plaintiffs have not generated genuine issues of material fact as to Count One, and the court concludes that the Defendants have met their burden to demonstrate that they are entitled to judgment as a matter of law on Count One of the Amended Complaint.

*3. Count Two (Embezzlement)*

The issue whether Delano did or did not embezzle $75,000 in the form of unauthorized checks written to himself, as Plaintiffs claim in Count Two of their Amended Complaint, appears to come down to the credibility of the accusation versus the credibility of the denial. The parties' respective Statements of Material Fact and responses squarely engage on the embezzlement issue. Plaintiffs say Delano issued the checks at issue without their knowledge or authorization; Defendants say he was authorized to issue the checks. Neither side proffers any further evidence in the form of written authorization or non-authorization that might elevate the dispute from a "he said, she said" situation.

Which side has the burden of persuasion may depend on whether Delano is deemed to have been acting as a fiduciary when he issued the checks in question, so the usual requirement that the Defendants as the non-moving parties must present a *prima facie* showing of liability may or may not apply to this claim.

7

Delano presents several arguments as to why the accusation of embezzlement should be rejected—such as the fact that all of the checks at issue were written before or after St. Pierre's absence due to incarceration and not during it—but it is inescapable that whether Delano was or was not authorized to issue the checks in question is a genuine issue of material fact that can only be resolved by the fact finder. Accordingly, the Defendants' motion must be denied as to Count Two of the Amended Complaint.

4. *Count Three (Misappropriation)*

For essentially the same reasons as the court grants summary judgment to the Defendants on Count One, the Defendants are entitled to summary judgment on Count Three: the Plaintiffs' responses to the Defendants' statement of material fact and the additional statements propounded by Plaintiffs do not identify any computer program, software, customer lists or other proprietary or confidential information that Delano or the Delano agency has misappropriated from Staab or St. Pierre. Because the Plaintiffs' opposition does not effectively generate any genuine issue of material fact as to which a fact finder could reasonably decide in Plaintiffs' favor, Defendants are entitled to summary judgment on Count Three of the Amended Complaint.

5. *Count Four (Punitive Damages)*

Punitive damages are available in Maine upon proof by clear and convincing evidence that a defendant acted with actual or implied malice in committing an intentional tort. *See Shrader–Miller v. Miller*, 2004 ME 117, ¶ 20, 855 A.2d 1139; *Tuttle* v. *Raymond*, 494 A.2d 1353, 1361 (Me.1985). Malice can be implied where the defendant's deliberate conduct is sufficiently "outrageous," but it cannot be implied "by the defendant's mere reckless disregard of the circumstances." *Tuttle*, 494 A.2d at 1361.

8

What the Plaintiffs label as a claim of embezzlement in Count Two is in substance a claim of conversion intentionally committed. Plaintiffs' allegations in Counts Two and Four also include that Defendant Delano was acting as a fiduciary when he embezzled funds, and that he acted with actual or implied malice.

As they do with respect to Count Two, the Defendants raise multiple arguments that a fact finder might well find persuasive against the Plaintiffs' claim for punitive damages in Count Four. Indeed, accusations of embezzlement and claims for punitive damages, like claims of violating non-competition agreements or misappropriating proprietary or confidential material, should not be asserted lightly. However, just as the issue raised by Count Two as to whether Delano did or did not have authority from St. Pierre to issue the checks in question is an issue for the fact finder, so is the related issue of whether, if he were found to have "embezzled" the funds, punitive damages in addition to actual damages should be awarded. Therefore, the court denies the Defendants' Motion for Summary Judgment as to Count Four.

IT IS HEREBY ORDERED AS FOLLOWS:

1. Defendants' Motion for Summary Judgment is granted in part, as to Counts One and Three of the Amended Complaint, and is denied as to Counts Two and Four.

2. Judgment is hereby entered for Defendants against Plaintiffs on Counts One and Three of the Amended Complaint.

Pursuant to M.R. Civ. P. 79(a), the clerk is hereby directed to incorporate this Order by reference in the docket.

Dated December 10, 2013

_____
A. M. Horton
Justice, Maine Business & Consumer Court

Entered on the Docket: 12·11·13
Copies sent via Mail ___ Electronically ✓

**Staab Agency, Inc. and Shirley St.Pierre v. L. A. Delano Agency, LLC and Luke A. Delano**
**BCD-CV-13-24**


**Staab Agency, Inc. and Shirley St.Pierre**
    **Petitioners / Plaintiffs**

    Counsel:                     Bruce Merrill, Esq.
                                       Law Office of Bruce M. Merrill PA
                                       225 Commercial Street, Suite 501
                                       Portland, ME 04101


**L. A. Delano Agency, LLC and Luke A. Delano**
    **Respondents / Defendants**

    Counsel:                     Michelle Allott, Esq.
                                         Farris Law
                                       491 US Route One, Suite 22
                                       Freeport, ME 04032