STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-19-167

JEFFREY DIGGINS,

       Plaintiff

v.

       ORDER

JELD-WEN INC.,

       Defendant

In this case plaintiff Jeffrey Diggins has brought claims alleging breach of contract, breach of warranty, promissory estoppel, and violation of the Maine Unfair Trade Practices Act against defendant Jeld-Wen Inc. based on some allegedly defective exterior doors manufactured by Jeld-Wen. Before the court is Jeld-Wen's motion for summary judgment.

Like many cases, this case has been delayed by the pandemic. The pending motion was fully briefed on June 4, 2020. The case was thereafter reassigned and taken under advisement by the undersigned on October 6, 2020. Since then the court has had almost no time to devote to civil proceedings due to the pandemic and the need to focus on criminal cases.

## Summary Judgment

Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. In considering a motion for summary judgment, the court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. *E.g., Mahar v. StoneWood Transport,* 2003 ME 63 ¶ 8, 823 A.2d 540. The facts must be considered in the light most favorable to the

non-moving party. *Id.* Thus, for purposes of summary judgment, any factual disputes must be resolved against the movant. Nevertheless, when the facts offered by a party in opposition to summary judgment would not, if offered at trial, be sufficient to withstand a motion for judgment as a matter of law, summary judgment should be granted. *Kenny v. Department of Human Services*, 1999 ME 158 ¶ 3, 740 A.2d 560.

Jeld-Wen's Summary Judgment Submission in This Case

The first problem with Jeld-Wen's motion is that is it based on what is captioned as an affidavit by Andrew Rink, Jeld-Wen's General Counsel, which is not sworn to before a notary or attorney and is not submitted as an unsworn declaration under penalty of perjury.[1] Although affidavits and declarations under penalty of perjury may be accepted as evidence for purposes of Rule 56, statements that are not made under oath or under penalty of perjury do not qualify.

The second problem with the unsworn Rink affidavit is that it purports to lay a foundation for the admission of certain Jeld-Wen documents as business records. However, the Rink affidavit states only that the documents in question were kept in the normal course of business. It does not state that the documents were created at or near the time of the events described by a person with

---

[1] *See* 28 U.S.C. § 1746; Massachusetts Superior Court Rule 15. Jeld-Wen also relies on a statement under penalty of perjury by Kevin Polansky, counsel for defendant. The court would accept a statement under penalty of perjury, but it does not appear that Attorney Polansky actually signed the statement in question. There are initials ("KB") next to the signature on the statement, and the court notes that the signature on the Polansky statement is not identical to Attorney Polansky's signature on pleadings. The only function of the Polansky statement is to attach some documents whose authenticity and admissibility are not contested. As a result, this issue is not material to the outcome of the motion, but it is another deficiency in Jeld-Wen's submission. Counsel for Jeld-Wen has an office in Massachusetts but is admitted in Maine. It should not come as a surprise to an attorney admitted in Maine that the court requires that a sworn affidavit or declaration under penalty of perjury must be signed by the actual person whose sworn statement is being offered in evidence.

2

knowledge and therefore fails to establish the necessary evidentiary foundation under M.R.Evid. 803(6).

After the opposition papers submitted by Diggins pointed out those deficiencies, Jeld-Wen submitted a supplemental Rink affidavit. That affidavit states that it is signed under penalties of perjury and adds additional foundation supporting Jeld-Wen's argument that the documents would qualify as business records. However, the court is not aware of any authority for the proposition that a party moving for summary judgment with an inadequate evidentiary foundation is entitled to correct the deficiencies in reply papers to which the opposing party has no opportunity to respond.

As Diggins argues, the court could deny the motion for summary judgment for the above reasons alone. Jeld-Wen, however, argues that its business records will be admissible "at trial"[2] and accordingly the court will briefly discuss Jeld-Wen's factual and legal arguments.

Disputed Facts

Although Jeld-Wen argues that there was never an express contract between Jeld-Wen and Diggins, there is evidence that Jeld-Wen provided an express warranty to the prior owners of the residence purchased by Diggins and that those owners assigned their rights under the warranty to Diggins. Accordingly, there is at least a disputed issue for trial as to whether Diggins is entitled to pursue his claims against Jeld-Wen under the 20 year warranty extended to original purchasers.[3]

---

[2] Jeld-Wen Reply Memorandum dated June 2, 2020 at 2.

[3] It appears to the court that the express contract and the express warranty claims in the complaint are essentially duplicative but that need not be resolved at this juncture.

3

On Diggins's promissory estoppel claim, Jeld-Wen argues that it "clearly" rejected the prior owners' warranty claim in a December 3, 2018 email so that Diggins could not have relied on the warranty in purchasing the residence. However, there is evidence that the December 3 email followed a November 21, 2018 email which supports Diggins's argument that Jeld-Wen had already accepted the warranty claim and in doing so, had acknowledged that this would facilitate the sale of the property. There are undeniably disputed issues for trial on Diggins's promissory estoppel claim.

Finally, Jeld-Wen argues that Diggins's Unfair Trade Practices Claim is time-barred because it contends that claim began to accrue when its exterior doors were sold to the original owners. The problem with this argument is that Diggins's UPTA claim is based on Jeld-Wen's failure to honor its warranty, its alleged tactic of accepting the warranty claim in its November 21 email before refusing to honor the warranty thereafter, and the alleged falsity of Jeld-Wen's December 3, 2018 contention that the problems in the doors could be remedied by washing and waxing them. The relevant events as to those claims occurred beginning in 2018, well within the UTPA statute of limitations.[4]

Accordingly, Jeld-Wen's motion for summary judgment is denied both because it has failed to support that motion with admissible evidence and because there would be disputed issues for trial on most or all of the claims made by Diggins even if the court were to overlook the deficiencies in Jeld-Wen's motion.

---

[4] Jeld-Wen may be correct that Diggins's implied warranty claim is time-barred but the court is not prepared to make that finding due to the inadequacies of the record.

4

Request for Attorney's Fees

In light of the deficiencies in Jeld-Wen's motion, Diggins argues that Jeld-Wen's motion was frivolous and justifies an award of attorney's fees against counsel for Jeld-Wen. Under M.R.Civ.P. 56(g) the court can assess attorney's fees for affidavits submitted in bad faith or solely for purposes of delay. The court can also award attorney's fees under M.R.Civ.P. 11 for pleadings that were knowingly signed without adequate grounds to support them or that were interposed for purposes of delay.

An award of attorney's fees could conceivably be justified in this case, but the court will give Jeld-Wen the benefit of the doubt and will not award the attorney's fees requested by Diggins.

The entry shall be:

The motion for summary judgment by defendant Jeld-Wen Inc. is denied. The clerk shall incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: March 5, 2021

_____
Thomas D. Warren
Justice, Superior Court

Entered on the Docket: 03/08/21
Mcv

Plaintiff-Michael Devine, Esq.
Defendant-Kevin Polansky, Esq.

5