2001 ME 40

**Dori BLANCHET**

v.

**ASSURANCE COMPANY OF AMERICA.**

Supreme Judicial Court of Maine.

Submitted on briefs: Dec. 13, 2000.

Decided: Feb. 26, 2001.

---

Kevin G. Libby, Esq., Cornelia Fuchs Fisher, Esq., Monaghan, Leahy, Hochadel & Libby, LLP, Portland, for defendant.

Panel: WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, and CALKINS, JJ.

CLIFFORD, J.

[¶ 1] Dori Blanchet appeals from a summary judgment entered in the Superior Court (York County, *Fritzsche, J.*) in favor of Assurance Company of America (Assurance), and denying her motion for a partial summary judgment. We agree with Blanchet that there is a genuine issue of material fact as to whether Assurance complied with the notice provisions of 24–A M.R.S.A. § 2915 when it canceled the automobile policy under which Blanchet seeks coverage, and that a summary judgment was entered inappropriately. Accordingly, we vacate the judgment.

[¶ 2] Aaskov Insurance Agency, a local agent for Assurance, issued Richard Blanchet an automobile policy from Assurance that covered Richard and Dori, his then wife, for the operation of each of their motor vehicles from March 1995 through September 1995. Dori requested and received her own individual policy for the period of June 1995 through December 6, 1995, and removed herself from Richard's policy. In September of 1995, Assurance again amended Richard's policy at Dori's request to add Dori and canceled Dori's individual policy.

[¶ 3] The Blanchets lived in Maine but used a post office box in New Hampshire as a mailing address. Because Assurance did not sell policies for non-Maine addresses, Aaskov substituted its own Limington, Maine address for that of Richard's New Hampshire address, and Aaskov's Limington address was entered in the Assurance computer system as the mailing address for Richard. Aaskov's practice was to forward to Richard at his New Hampshire address any mailings for him sent by Assurance to Aaskov's address. In March of

Stephen Kottler, Esq., Michael J. Welch, Esq., Hardy Wolf & Downing, P.A., Portland, for plaintiff.

1995, Assurance sent to Richard, at Aaskov's Limington address, a settlement check for windshield repair, and the check was cashed by Richard before the end of March. Richard also signed an insurance release form for the repair of his vehicle that identified the Limington address as his address. The Blanchets, however, deny ever receiving mail at Aaskov's Limington address, and deny that they consented to having Aaskov's address serve as Richard's mailing address for purposes of insurance coverage.

[¶ 4] Richard was issued a renewal notice for coverage effective on September 21, 1995. On October 11, 1995, Assurance mailed to Richard at Aaskov's Limington address, by certified letter, a notification of cancellation of Richard's policy, effective October 27, 1995, for nonpayment of the premium. In accordance with the notice, Assurance canceled the policy on October 27, 1995, for nonpayment. Richard denies receiving the notice, and neither Assurance nor Aaskov has produced a certified receipt indicating that Richard received the notice of cancellation.

[¶ 5] Dori subsequently was involved in an accident while driving her car and brought a complaint against Assurance seeking recovery under Richard's policy for damages pursuant to the uninsured motorist coverage of the policy. Assurance brought a separate declaratory judgment action against Dori and Richard seeking a declaration that the policy Dori relies on was canceled on October 27, 1995, pursuant to 24–A M.R.S.A. § 2915, and that Assurance has no liability. The two cases were consolidated. The Superior Court denied Dori's motion for a partial summary judgment, entered a summary judgment in favor of Assurance, and subsequently denied Dori's motion to reconsider. This appeal followed.

[¶ 6] We review a grant of summary judgment for errors of law, and examine the record independently to determine if a genuine issue of material fact exists. *County Forest Products, Inc. v. Green Mountain Agency, Inc.*, 2000 ME 161, ¶ 32, 758 A.2d 59, 67. An issue is genuine if there is sufficient evidence to show a dispute about the facts that would "require a choice between 'the parties' differing versions of the truth . . . ." *Prescott v. State Tax Assessor*, 1998 ME 250, ¶ 5, 721 A.2d 169, 171–72 (citation omitted). If the record reveals a material fact in dispute, a summary judgment is inappropriate. *Burke v. Port Resort Realty Corp.*, 1998 ME 193, ¶ 8, 714 A.2d 837, 840.

[¶ 7] The issue presented in this case is whether Assurance properly canceled the policy pursuant to Maine law. The Automobile Insurance Cancellation Control Act governs the cancellation of insurance policies. 24–A M.R.S.A. §§ 2911 to 2921 (2000). An insurer may cancel a policy for the nonpayment of a premium. 24–A M.R.S.A. § 2914(1) (2000). Such a notice of cancellation is not effective, however, unless the notice is actually received by the named insured at least ten days prior to the effective date of cancellation. *State Farm Mut. Auto. Ins. Co. v. Libby*, 655 A.2d 880, 882 (Me.1995). A notice sent by certified mail to "the insured's last known address [is] conclusive proof of receipt of the notice on the [fifth] calendar day after [the] mailing."[1] 24–A M.R.S.A. § 2915 (2000). When a statute provides a mandatory method for canceling an insurance policy "that has been certified under the financial responsibility law, and an insurer fails to comply

---

1. 24–A M.R.S.A. § 2915 provides in pertinent part:

   No notice of cancellation of a policy shall be effective unless received by the named insured at least 20 days prior to the effective date of cancellation, or, when the cancellation is for nonpayment of premium, at least 10 days prior to the effective date of cancellation. . . . A postal service certificate of mailing to the named insured at the insured's last known address shall be conclusive proof of receipt on the 5th calendar day after mailing.
   24–A M.R.S.A. § 2915 (2000).

with the statutory method of cancellation, the insurer is precluded from asserting that the policy has been cancelled." *Gov't Employees Ins. Co. v. Concord Gen. Mut. Ins. Co.*, 458 A.2d 1205, 1209 (Me.1983).

[¶ 8] Richard denies receiving any notice of cancellation of the automobile policy, and there is no evidence conclusively demonstrating that he did receive actual notice. Accordingly, a genuine issue of material fact is generated precluding the entry of a summary judgment in favor of Assurance on the issue of *actual notice* to Richard. 24-A M.R.S.A. § 2915 (2000).

[¶ 9] In support of the entry of a summary judgment in its favor, Assurance relies on the "conclusive proof of receipt" provision in the statute, asserting that the notice of cancellation was mailed to Richard at his last known address. Assurance has a certificate of mailing for the notice to Richard at what Assurance's records show to be Richard's mailing address. That address is the address of the Aaskov Agency in Limington. Although the evidence suggests that the standard procedure followed by Aaskov when Assurance sent mail to Richard at Aaskov's Limington address was to place that mail in a new envelope and forward it to Richard at his New Hampshire mailing address, there is no documented proof in the record that Aaskov followed that procedure in this case. Moreover, in view of Richard's denial that he received such a notice, for Assurance to be entitled to a summary judgment, Aaskov's Limington address would have to be Richard's last known address for the purposes of 24-A M.R.S.A. § 2915.

[¶ 10] It is not disputed that for all other purposes Richard's mailing address was in New Hampshire. The New Hampshire address was the address used by Aaskov when it forwarded Richard's mail from Assurance. While evidence exists to suggest that Richard was aware that Assurance was using the address of Aaskov in Limington for Richard's mail, Richard and Dori deny granting Aaskov the right to substitute its address for their New Hampshire mailing address.

[¶ 11] Assurance denies knowledge of Richard's New Hampshire mailing address, but Aaskov, Assurance's agent, acknowledges its awareness that Richard's mailing address was in New Hampshire. An insurance agent's knowledge is binding on the insurance company.[2] 24-A M.R.S.A. § 2422(1) & (2) (2000); *Sinclair v. Home Indem. Co.*, 159 Me. 367, 193 A.2d 177, 179 (Me.1963) (acknowledging that agent stands in place of company). When the name of the agent and the insurer is on the policy, the agent "shall be regarded as in the place of the insurer in all respects." *County Forest Prod., Inc.*, 2000 ME 161, ¶ 24, 758 A.2d at 65 (reaffirming insurer charged with knowledge of agent). The purpose of the statute placing agents in the shoes of the insurance company is to protect insureds and to allow them to safely depend on agreements with an agent as fully and completely as one made with the company itself. *Id.*, ¶ 23, 758 A.2d at 65; *Sinclair*, 193 A.2d at 179.

[¶ 12] Here, Assurance's name is on the policy. Aaskov was aware of Richard's New Hampshire mailing address and knew that Assurance was using Aaskov's address as Richard's address. Aaskov forwarded Richard's mail to his New Hampshire address. Because Aaskov had

---

2. The Maine Insurance Code provides:
1. An agent authorized by an insurer, if the name of such agent is borne on the policy, is the insurer's agent in all matters of insurance. Any notice required to be given by the insured to the insurer or any of its officers may be given in writing to such agent.
2. The authorized agent of an insurer shall be regarded as in the place of the insurer in all respects regarding any insurance effected by him. The insurer is bound by his knowledge of the risk and all matters connected therewith. Omissions and misdescriptions known to the agent shall be regarded as known to the insurer and waived by it as if noted in the policy.
24-A M.R.S.A. § 2422 (2000).

knowledge of Richard's mailing address, and because Aaskov was acting as Assurance's agent, Assurance is charged with the knowledge of Richard's address in New Hampshire. *See* 24–A M.R.S.A. § 2422 (2000); *Utica Mut. Ins. Co. v. St. Paul Fire & Marine Ins. Co.,* 519 A.2d 185, 186 (Me.1986).

[¶ 13] There remain factual disputes about whether Richard actually received a notice of cancellation, and whether the conclusive proof of receipt provision set out in 24–A M.R.S.A. § 2915 precludes coverage under Assurance's policy in view of Richard's New Hampshire mailing address, and Aaskov's knowledge of that address. The uncertainty of whether Assurance had permission to use the Limington address as Richard's last known address, and whether the notice of cancellation was sent to Richard's last known address within the meaning of 24–A M.R.S.A. § 2915, are questions for the factfinder.

The entry is:

Judgment vacated. Remanded to the Superior Court for further proceedings consistent with this opinion.

