STATE OF MAINE                              SUPERIOR COURT
Androscoggin, ss                            Civil Action
                                            Docket No. CV-01-198
                                            *TED-AND-5/14 2003*

KEVIN GUIDI, et al.,
    Plaintiffs

        v.                          DECISION AND ORDER ON DEFENDANTS'
                                       MOTIONS FOR SUMMARY JUDGEMENT
                        DONALD L. GARBRECHT
EUGENE JORDAN              LAW LIBRARY
                                            RECEIVED & FILED
and
                        MAY 28 2003                 MAY 1 4 2003
INHABITANTS OF THE
TOWN OF TURNER                              ANDROSCOGGIN
    Defendants                             SUPERIOR COURT

## I. STATUS OF THE CASE

Plaintiffs brought a two-count complaint alleging that Eugene Jordan

("Jordan") violated 17 M.R.S.A. § 2802 by maintaining a nuisance (automobile

graveyard) on his property (Count I). The second claim alleges that the Town of

Turner ("Turner") by virtue of a brief ownership of the property and its

continuing unwillingness to enforce local land use regulations perpetrated a

constitutional taking of plaintiffs' property (Count II).

Both defendants have brought a Motion for Summary Judgment as to the

plaintiffs' claims against them. Jordan seeks summary judgment on Count I of

the Complaint, which alleges that the on-going condition of defendant's property

has caused harm to plaintiffs' neighboring land. Defendant Town of Turner

seeks summary judgment on Count II, which alleges that a partial constitutional

taking occurred (i.e. the alleged contamination and diminution in value of

plaintiffs' property) during Turner's brief ownership of the Jordan property.

1

There are also several motions to strike before the court, all of which stem from the filings attendant to the motions for summary judgment.[1]

## II. FACTUAL BACKGROUND

The following facts are undisputed by the parties:[2] The Guidis are property owners in Turner, Maine; Jordan owns property nearby and for a disputed number of years has maintained an automobile graveyard; Jordan became delinquent on his 1998 property taxes; and, on June 30, 2000 Turner filed a tax lien on the property.

By operation of state law the unpaid lien expired on December 30, 2000 and Turner took title to the property, but Jordan was not evicted and remained on the premises. Full payment was made by Jordan on the past due taxes by August 1, 2001 and a discharge of lien was filed.

---

[1] Plaintiffs filed three motions to strike and defendant Jordan filed one. The parties contend in their respective motions that certain portions of the Statement of Material Facts (SMF) should be disregarded or excluded due to one or several infirmities. Rule 56 provides counsel with instructions as to filing summary judgment motions or oppositions thereto. M.R. Civ. P. 56(c) – (h). Rule 56, and Law Court cases defining application of the rules, make clear that it is incumbent on the court to monitor the parties' adherence to Rule 56 requirements and, within its discretion, rule on the admissibility of evidence. M.R. Civ. P. 56(e) (affidavits requiring personal knowledge); M.R. Civ. P. 56(h) (requiring short concise statements and "admit, deny or qualify"); *Casco Northern Bank v. Estate of Grosse*, 657 A.2d 778, 781 (Me. 1995)(holding that when "it is apparent from the body of the affidavit that she had personal knowledge" will suffice); *Doyle v. Dep't of Human Servs.*, 2003 ME 61, ¶¶ 10-13, ___ A.2d ___ (decided Apr. 28, 2003) (affirming trial court's determination that failure to comply with the form requirements of Rule 56(h) warranted disregarding many SMF). The court, mindful of the requirements of Rule 56 and the attendant case law, has excluded any portions of the SMF that failed to comply with those requirements. *See infra* note 2. The motions to strike are denied as moot, or, in the alternative, granted insofar as they mirror the court's analysis below.

[2] Factual assertions unsupported by record references, supported by insufficient record references, or denied by a party whose denial is adequately supported by record references are not included in this recitation of the facts. M.R.Civ.P. 56(h). Numerous Statements of Material Fact fall into the last category; those disputed facts are properly left to the trier of fact at trial and are not before the court at this juncture. M.R. Civ. P. 56(c).

The citizens of Turner voted at a town meeting to quitclaim the property back to Jordan so that the town's interest would terminate immediately, rather than waiting for the one-year period following the discharge. Jordan and the Town of Turner also entered into a consent agreement, which allowed Jordan a period of time to remove all of the vehicles and permitted progress inspections during that same time. The Town of Turner never took physical possession of the Jordan land and never conducted any town activities on the property that affected the plaintiffs. The time allotted by the consent agreement has expired and Jordan has not complied with its terms. The property is not presently in compliance with the local ordinance and Turner is pursuing a land use action separate from this case.

The plaintiffs moved into their house on a parcel abutting Jordan's parcel in the mid-1980's. Both parcels have frontage on the Nezinscot River. The parcels also share the same sand and gravel aquifer. Plaintiffs allege that pollution to the river and to the shared aquifer has markedly increased since 2000 due, in part, to the significant increase in the number of abandoned vehicles on the land. The plaintiffs have opted not to drink the well water due to inconsistent test results for MTBE and diesel range organics (DROs).[3] In December of 2001, the DEP tested some soil and debris removed rom the Jordan parcel. The soil was contaminated with glycol from antifreeze and petroleum products. Plaintiffs have a real estate broker's opinion stating that their property's value is negatively impacted by effects of the neighboring Jordan parcel in the amount of $21,500.

---

[3] There are conflicting and admitted to facts in the SMF regarding the test dates, test results, and the meaning of those results. *See* DSMF ¶¶ 59-65; PSMF ¶¶ 33-38.

## III. EUGENE JORDAN

Jordan moves for summary judgment based on the argument that plaintiffs' unsupported allegations do not sufficiently demonstrate the particularized harm required in a private action on a public nuisance. Jordan argues that there is no evidence of present harm to the well water, the inability to swim in the river is not compensable, and there is insufficient evidence that defendant's property constitutes a "blight" and has caused a diminution in the value of neighboring property. Plaintiffs contend that there are disputed genuine issues of material fact regarding the nuisance and that a deviation from DEP standards is not required in order to find a nuisance in violation of 17 M.R.S.A. § 2802.

## IV. TOWN OF TURNER

Turner's summary judgment motion simply contends that, as a matter of law, the plaintiffs cannot recover against the town for either the alleged failure to adequately enforce local ordinances or for the alleged damage perpetrated during the town's brief ownership of the property. Plaintiffs summarize their claim against Turner as, "a taking based on a physical invasion of their property coupled with a loss in the market value of their home resulting from pollution from the junkyard and the blighting effects of its presence on their property." Pls.' Mem. p. 11. Specifically, the Guidis contend that Turner committed the "taking" during its ownership of the property and that the Town is liable because it failed to protect plaintiffs' property interests by refusing to adequately enforce municipal land use ordinances.

4

# V. DISCUSSION

## A. Summary Judgment.

A party is entitled to summary judgment where there exists no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. M. R. Civ. P. 56(c); *Saucier v. State Tax Assessor*, 2000 ME 8, ¶ 4, 745 A.2d 972. A material fact is one having the potential to affect the outcome of the suit. *Kenny v. Dep't of Human Services*, 1999 ME 158, ¶ 3, 740 A.2d 560. A genuine issue exists when sufficient evidence supports a factual contest to require a fact finder to choose between competing versions of the truth at trial. *Blanchet v. Assurance Co. of Am.*, 2001 ME 40, ¶ 6, 766 A.2d 71 (citation omitted).

## B. Guidi v. Jordan

Maine law provides:

> Any places where one or more old, discarded, worn-out or junked motor vehicles . . . or parts thereof, are gathered together, kept, deposited or allowed to accumulate, in such manner or in such location or situation either within or without the limits of any highway, as to be unsightly, detracting from the natural scenery or injurious to the comfort and happiness of individuals and the public, and injurious to property rights, are public nuisances.

17 M.R.S.A. § 2802. To establish a cause of action for common or public nuisance, a party must show that he has "suffered therefrom some special and peculiar damages other and greater than those sustained by the public generally." *Charlton v. Town of Oxford, et al.*, 2001 ME 104, ¶ 27, 774 A.2d 366 (quotation and citation omitted).

The "peculiar damages" alleged by the plaintiffs include contamination of the water supply, contamination of the river, loss of use of enjoyment of the property and diminution in value of their property. Because it is the burden of

the plaintiff at trial to demonstrate a particularized injury, they must make a prima facie showing to withstand a motion for summary judgment. *MC Assocs. v. Town of Cape Elizabeth,* 2001 ME 89, ¶ 7, 773 A.2d 439 (stating that summary judgment for a defendant is appropriate when a jury verdict for the plaintiff would be based on mere conjecture and speculation).

In the present case, there are disputes as to the damage incurred and the extent to which such injury is compensable.[4]  The parties also dispute the causation of the alleged contamination.  "The question of whether a defendant's acts or omissions were the proximate cause of a plaintiff's injuries is generally a question of fact, and a judgment as a matter of law is improper if any reasonable view of the evidence could sustain a finding of proximate cause." *Houde v. Millett,* 2001 ME 183, ¶ 11, 787 A.2d 757.  Under the undisputed facts of the instant case, it is neither unreasonable for a jury to find, nor would a jury be merely speculating, that the operation of the automobile graveyard, a statutorily defined nuisance, injured the plaintiffs differently than it has the community at large.  For these reasons, defendant Jordan's Motion for Summary Judgment is DENIED.

## C. Guidi v. Town of Turner

Plaintiff posits two theories of recovery against the town: (1) Turner failed to adequately enforce its land use code and/or failed to take appropriate action

---

[4] The parties dispute the levels of contamination of the well, the acceptable level of contamination, and the degree to which the Plaintiffs' property value has suffered as result of the alleged injuries.

when it had the opportunity, by virtue of a tax lien; and (2) by virtue of that same tax lien Turner became "owner" of the subject property and thereby responsible for the conduct of Jordan resulting in the contaminations and the ultimate decrease in market value. Pursuant to each of these theories, plaintiffs contend that Turner has committed an unconstitutional taking. The former argument, although plead in the complaint, is all but abandoned at summary judgment. See Pls.' Mem. p. 11 (stating that a regulatory taking had not been alleged, but a physical invasion of property). Plaintiffs' reliance on *Foss v. Maine Turnpike Auth.*, 309 A.2d 339 (Me. 1973) and their entire argument presupposes that Turner is liable for occurrences on the land while it held title to the Jordan property. See Pls.' Mem. pp.11-20 (referring to the "Town's land" and citing *Foss* dealing with conduct occurring on land owned by the Maine Turnpike Authority (MTA)).[5]

Plaintiffs' second argument fails as a matter of law. Although the doctrine of sovereign immunity does not preclude all liability in tort all actions against political subdivisions, Maine opted for the exceptions to immunity approach, which presumes immunity unless exceptions expressly apply. *Lovejoy v. State*, 544 A.2d 750, 751 (Me. 1988). Exceptions to immunity should be strictly construed. *New Orleans Tanker Corp. v. Dept of Transportation*, 1999 ME 67 ¶6, 728 A.2d 673, 675. The Maine Tort Claims Act (MTCA) provides for certain exceptions to immunity, including the negligent operation and maintenance of a

---

[5] If plaintiffs had continued the former argument, alleging a regulatory or categorical taking, it would not be persuasive: First, as Turner correctly argued, *Deshaney v. Winnebago County Dept. of Social Servs*, 489 U.S. 189, 195 (1989), held that a municipality may not deprive individuals of property without due process, but failure to protect an individual from the same deprivation by fellow private actor is not a violation of due process. Furthermore, a "categorical taking" requires a showing that the "government action has rendered the property substantially useless and stripped it of all practical value." *MC Assocs. v. Town of Cape Elizabeth*, 2001 ME 89, ¶ 11, 773 A.2d 439.

public building. 14 M.R.S.A. § 8104(2). This exception to immunity is limited by several exceptions-to-the-exceptions, one of which is that a governmental entity that acquires property for the reason of tax delinquency, is not liable for any claim resulting from the date of foreclosure until 60 days after the delinquent taxpayer has ceased possession. 14 M.R.S.A. § 8104(2)(B) (2003).

Plaintiffs attempt to avoid the result intended by the legislature in enacting the MTCA by positing other theories under which Turner may have exposure to liability, from which the legislature has expressly rendered them immune. Plaintiffs contend that *Foss* offers an exception when it is a takings claim. Indeed, *Foss* states that sovereign immunity does not shield a municipality from "legally unauthorized physical invasion of property or of serious impairment of property use and enjoyment." *Foss v. Maine Turnpike Authority*, 309 A.2d at 342. *Foss* is inapposite to the instant case.[6]

In *Foss*, the MTA owned and possessed the land causing the alleged damage to the abutting parcel. *Id.* at 341. The MTA also conducted its snow removal operations on the land which resulted in runoffs that contaminated the neighboring land. *Id.* at 353-44. In the present case, Turner never possessed the land from which the plaintiffs allege contaminants flowed. Although plaintiffs contend that Turner is liable for the acts of Jordan, its "tenant," the legislature has decided to the contrary. 14 M.R.S.A. § 8104(2)(B) (stating that a town is immune from liability on claims stemming from the date of foreclosure until 60 days after taxpayer's possession has ceased). Turner also never conducted any

---

[6] A taking by physical invasion requires a public purpose. 1 Cowan, MAINE REAL ESTATE LAW AND PRACTICE, §§ 671-680 (1990)(stating eminent domain empowers every government to appropriate private property for a public use). *See also, Foss v. Maine Turnpike Authority*, 309 A.2d at 342 (deciding taking had been sufficiently alleged, resulting from the sanding operation of the MTA).

activity on the property that merits extension of liability as was warranted in *Foss*, at 343 (referencing the "salting operation of the Turnpike Authority").

Such an extension is well beyond the parameters outlined in *Foss*, as well as being contrary to the legislative intent to insulate municipalities from claims stemming from tax lien foreclosures. 14 M.R.S.A. § 8104(2)(B). *See also* 38 M.R.S.A. § 1367-B (2003) (indicating a clear legislative intent to limit liability for instances of pollution-related injuries caused by property acquired by tax liens); 42 U.S.C. §9601 (20d) (excluding from the definition of "owner or operator," for purposes of hazardous waste liability, "a unit of State or local government which acquired ownership or control involuntarily through . . . tax delinquency, . . . or other circumstances in which the government involuntarily acquires title by virtue of its function as sovereign").

For the reasons stated above, defendant Town of Turner's Motion for Summary Judgment is GRANTED.

## VI. DOCKET ENTRIES AND JUDGMENT

The clerk is directed to make the following entries onto the docket of this case as the Orders and judgment of this court:

A. Defendant Eugene Jordan's Motion for Summary Judgment is DENIED.

B. Defendant Town of Turner's Motion for Summary Judgment is GRANTED and judgment is entered for the Town of Turner on all claims against it, without costs.

SO ORDERED.

May 14, 2003

Thomas E. Delahanty II
Justice, Maine Superior Court

9

Plaintiff – Curtis Webber, Esq.

Def. – Jordans – Juliet Browne, Esq.  and
                Merritt TC Ireland, Esq.

Def. – Town of Turner – Edward Benjamin, Jr., Esq.