STATE OF MAINE                          SUPERIOR COURT
                                        CIVIL ACTION
CUMBERLAND, ss.                         DOCKET NUMBER AP-03-68
                                        RAC - CUM - 1/23/2004

FAIRPLAY FOR HARPSWELL          STATE OF MAINE
                                 Cumberland, ss, Clerk's Office
and                             SUPERIOR COURT

                                     JAN 2 3 2004
CHIRSTOPHER K. DUVAL,

            Plaintiffs          RECEIVED

        v.                              ORDER

TOWN OF HARPSWELL

and                                                 DONALD L. GARBRECHT
                                                    LAW LIBRARY

JAMES W. KNIGHT, SELECTMAN,
LEE E. THEBERGE, SELECTMAN,                         APR 14 2004
GORDON WEIL, SELECTMAN,
KRISTI K. EIANE, TOWN ADMINISTRATOR,

            Defendants


        Before this court is Plaintiffs, FairPlay for Harpswell and Christopher K. Duval's

Motion for Summary Judgment. In addition, before this court is Defendants, Town of

Harpswell, *et al.*'s Motion to Alter or Amend the Order dated November 19, 2003.

                                    **FACTS**

        Plaintiff, FairPlay for Harpswell sought access to Defendant, Town of

Harpswell's records on October 1, 2003 and November 6, 2003. These document

requests were in regard to a development proposal made by ConocoPhillips Company

and TransCanada Pipelines Limited to construct and operate a Liquid Natural Gas

("LNG") storage, distribution and regasificiation terminal on land owned by and

located within the geographic and political boundaries of the Town of Harpswell, Maine.

On October 8, 2003, Defendant, Town of Harpswell responded in writing to the requests, declining to produce certain documents, pursuant to 1 M.R.S.A. § 405(6)(C) and (E). Accordingly, on October 29, 2003, Plaintiffs filed a Compliant in the Cumberland County Superior Court. Following this, Defendant filed a Motion to Alter or Amend this court's November 19, 2003 Order. In addition, Plaintiff filed a Motion for Summary Judgment.

## DISCUSSION

### A. Motion for Summary Judgment

A party is entitled to summary judgment where there exists no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. M.R. Civ. P. 56(c); Saucier v. State Tax Assessor, 2000 ME 8, ¶ 4, 745 A.2d 972. A material fact is one having the potential to affect the outcome of the suit. Kenny v. Dep't of Human Services, 1999 ME 158, ¶ 3, 740 A.2d 560. A genuine issue exists when sufficient evidence supports a factual contest to require a fact finder to choose between competing versions of the truth at trial. Blanchet v. Assurance Co. of Am., 2001 ME 40, ¶ 6, 766 A.2d 71 (citation omitted).

In the case at bar, Plaintiffs, in their Reply Memorandum have narrowed the claim upon which they seek judicial intervention. Specifically, Plaintiffs request that this court address only the issue of whether the alleged "exceptions" to the public records disclosure requirements, which Defendants assert as grounds for their denial of access to specific documents, exist. See 1 M.R.S.A. § 405(6)(C) and (E) (2003).

Section 405 provides, in relevant part that "[t]hose bodies or agencies falling within this subchapter may hold executive sessions subject to the following conditions."

1 M.R.S.A. § 405 (2003). This section further provides that "[d]iscussion or consideration of the condition, acquisition or the use of real or personal property permanently attached to real property or interests therein or disposition of publicly held property or economic development only if premature disclosures of the information would prejudice the competitive or bargaining position of the body or agency." Id. at § 405(6)(C) (2003). In addition:

> [c]onsultations between a body or agency and its attorney concerning the legal rights and duties of the body or agency, pending or contemplated litigation, settlement offers and matters where the duties of the public body's counsel to his client pursuant to the code of professional responsibility clearly conflict with this subchapter or where premature general public knowledge would clearly place the State, municipality or other public agency or person at a substantial disadvantage.

Id. at § 405(6)(E) (2003). The Maine Superior Court has also held that:

> [a]ll notes taken by any city officials and any other documents in the possession of the City Council or any city official which contain information about the events at the meeting or which were received or prepared for use in connect with the meeting, except those records referring to the possible purchase of portions of the Old Orchard Beach Ballpark, are public records within the meaning of the Freedom of Access Law.

Guy Gannett Publishing Co. v. The City of Portland, et al., CV-92-858 (Me. Super. Ct. Cum. Cty., Sept. 24, 1992) (Lipez, J.).

Here, Plaintiffs have requested "to inspect and copy documents relating to the drafting, discussion, and negotiation of a lease that would govern the transfer of public lands upon which a proposed gas terminal would be constructed and operated in Harpswell." (Plaintiff's Reply Memorandum in Further Support of Their Motion for Summary Judgment at 3.) These documents arose out of several executive sessions in which the Defendants negotiated regarding the LNG venture. The information in these documents could adversely affect the competitive bargaining position of the town. (See

Defendants SMF at ¶ 44-46; see also 1 M.R.S.A. § 405(6)(E) (2003).) Moreover, the Defendants assert that the requested information (i.e., the proposed terms of the lease) will be disclosed at a reasonable time before the date the townspeople vote on the proposal. (See Defendants Motion to Amend or Alter.) Accordingly, this court finds the documents in question should be kept confidential until a reasonable time prior to the Defendant Town of Harpswell's vote regarding the proposed LNG terminal. See 1 M.R.S.A. § 405(6)(C) and (E); see also Guy Gannett Publishing Co., CV-92-858 (Me. Super. Ct., Cum. Cty., Sept. 24, 1992) (Lipez, J.).

### B. Motion to Alter or Amend Order Dated November 19, 2003

Next, Defendants seek to alter or amend this court's order dated November 19, 2003. Specifically, Defendants request that this court amend ¶ 1 to provide that no later than 10 days before any public hearing will be held on the project, Defendants will make available the public records that are the subject of this dispute for inspection and copying by the Plaintiffs. Defendants assert that this language was not in the court's previous Order because Plaintiffs failed to present the final draft they sent to the court to the Defendants.

Conversely, Plaintiff argues that this language should not be added to the Order, because this request is in violation of the Freedom of Access statute. Based on the determinations above, this court finds that the Order Dated November 19, 2003, shall be amended as proposed by Defendant Town.

WHEREFORE, this court **DENIES** Plaintiffs Motion for Summary Judgment. Furthermore, this court **GRANTS** Defendants Motion to Alter or Amend the Order Dated November 19, 2003.

Dated: January 22 2004



Roland A. Cole
Justice, Superior Court

Date Filed __10-29-2003__  __Cumberland__  Docket No. __AP-03-68__

County

Action __80B Appeal__

FAIR PLAY FOR HARPSWELL
CHRISTOPHER K. DUVAL

TOWN OF HARPSWELL
JAMES W. KNIGHT, SELECTMAN
LEE E. THEBERGE, SELECTMAN
GORDON WEIL, SELECTMAN
KRISTI K. EIANE, TOWN ADMINISTRATOR

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Andrew S. Hagler, Esq. <br> Fort Andross <br> 14 Maine Street <br> P.O. Box N <br> Brunswick, ME 04011 <br> (207) 373-1800 | William H. Dale, Esq. <br> Sally J. Daggett, Esq. <br> Jensen Baird Gardner & Henry <br> Ten Free Street/P.O. Box 4510 <br> Portland, ME 04112 <br> 207-775-7271 <br> Attroneys for Defendants |

Date of
Entry