_Amended—_
_See attached_

STATE OF MAINE                     STATE OF MAINE          SUPERIOR COURT
CUMBERLAND, ss.                    CUMBERLAND, SS          CIVIL ACTION
                                   CLERK'S OFFICE          DOCKET NO. CV-03-228
                                                           REC-CUM- 3/4/2004
UNITED NATIONAL INSURANCE 2004 MAR -4 A 10: 59
COMPANY,

        Plaintiff


        v.                              ORDER ON
                                                           MOTIONS FOR
                                                           SUMMARY JUDGMENT

THOMAS BRAGG, THE BETTER END, INC.,
d/b/a THE BETTER END TAVERN,
STEPHEN WALLACE, SCOTT ORCHOW,                  DONALD L. G...
JOSEPH SOLEY, EMILY KRONHOLM,                      LAW LIBRARY
and MIGUEL TORRES
        Defendants.[1]                              MAY 12 2004



    Motions for Summary Judgment made by Plaintiff and Defendant The Better

End Tavern ("Tavern") are before the court.

## FACTUAL BACKGROUND

    These motions arise out of an action in Cumberland County Court, Bragg v.

Soley, et al., Docket No. CV-03-34. In the related action, the defendant in this case, Mr.

Bragg, filed suit against The Better End, INC., d/b/a The Better End Tavern, Stephen

Wallace, Scott Orchow, Joseph Soley, Emily Kronholm, and Miguel Torres seeking

recovery for injuries arising out of alleged negligence, assault and battery, negligent

hiring, training and supervision, and nuisance at The Tavern.

    The Tavern holds a Commercial Lines Policy issued by Plaintiff United National

Insurance Company ("UNI"). The policy states:

---

[1] Although The Better End Tavern, Inc., Stephen Wallace, Scott Orchow, Joseph Soley, Emily Kronholm, and Miguel Torres were originally named as "Parties-In-Interest," at the February 27, 2004 hearing on this matter, the parties agreed to be named as "Defendants."

Insuring Agreement

We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies . . . But: (1) The amount we will pay for damages is limited as described in Section III -- Limits of Insurance . . .The insurance applies to "bodily injury" and "property damage" only if: The "bodily injury" or "property damage" is caused by an occurrence that takes place in the "coverage territory" and the "bodily injury" or "property damage" occurs during the policy period.

Pl.'s Ex. B at CG 00 01 07 98.

The UNI policy coverage limits state:

| | |
|---|---|
| EACH OCCURRENCE LIMIT | $300,000 |
| ************************ | |
| GENERAL AGGREGATE LIMIT | $300,000 |

Id. at Form No. CG 00 90 01 95.


The policy also includes an Assault and Battery Limits of Liability Endorsement. The Endorsement contains the following language:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY**

**ASSAULT AND BATTERY LIMITS OF LIABILITY ENDORSEMENT**
This endorsement modifies insurance provided under the following

**LIQUOR LIABILITY COVERAGE PART**
**COMMERCIAL GENERAL LIABILITY COVERAGE PART**
**DEDUCTIBLE LIABILITY INSURANCE**

************************

C. The following provisions are added to **SECTION III – LIMITS OF LIABILITY** of the **COMMERCIAL GENERAL LIABILITY COVERAGE PART:**

8. Subject to Paragraph A. of the **ASSAULT & BATTERY LIMITS OF LIABILITY ENDORSEMENT,** the Assault & Battery Each Occurrence Limit is the most we will pay for the sum of:

    a.    Damages under Coverages A and B; and
    b.    Medical expenses under Coverage C

Because of all "bodily injury" or "property damage" arising out of "assault and battery" as the result of any one "occurrence".

UNI's SMF ¶ 9, Ex. B at 1.

Under the Endorsement, the Tavern's policy carries an aggregate limit of insurance of $100,000 . Id. The Endorsement provides that said aggregate limit of insurance is the most the company will pay for all "injury" arising out of "assault and/or battery" as a result of all occurrences. Id.

"Assault and/or battery means:
1. actual or threatened assault or battery whether caused by or at the instigation or direction of any insured, his "employees", patrons or any other person;
2. the failure of any insured or anyone else for whom any insured is legally responsible to prevent or suppress assault or battery; or
3. the negligent:
   a. employment;
   b. investigation;
   c. supervision;
   d. training; or
   e. retention
of a person for whom any insured is or ever was legally responsible and whose conduct is described by 1. or 2. above.

Id. at 2.

On April 28, 2003, Plaintiff filed a one count complaint requesting that the court enter a judgment declaring that UNI has no obligation to indemnify the Tavern for any liability arising out of the related civil action for any amount above the applicable aggregate limits of $100,000, and to award such costs and expenses and further relief as justified under the law. Subsequently, Plaintiff filed its Motion for Summary Judgment and Defendant Tavern filed its Cross Motion for Summary Judgment.

## DISCUSSION

A party is entitled to summary judgment where there exists no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. M. R.

Civ. P. 56(c); Saucier v. State Tax Assessor, 2000 ME 8, ¶ 4, 745 A.2d 972. A material fact is one having the potential to affect the outcome of the suit. Kenny v. Dep't of Human Services, 1999 ME 158, ¶ 3, 740 A.2d 560. A genuine issue exists when sufficient evidence supports a factual contest to require a fact finder to choose between competing versions of the truth at trial. Blanchet v. Assurance Co. of Am., 2001 ME 40, ¶ 6, 766 A.2d 71 (citation omitted).

In the present case, while the court has the authority to rule on the motions for summary judgment and to make a declaratory judgment on the extent of coverage under the policy, see 14 M.R.S.A. § 5953 (2003), the court elects not to exercise its power at this time. Instead, the court will follow the procedure described by the Law Court in Penney v. Capitol City Transfer:

> To secure the just, speedy and inexpensive determination of an action involving a duty to defend and a duty to indemnify and avoid a duplication of trials requires that courts proceed in the following order: the determination of a duty to defend, then the determination of liability in the underlying action, and finally the determination of the duty to indemnify.

Penney v. Capitol City Transfer, 1998 ME 44, ¶ 5, 707 A.2d 387, 389 (citing Travelers Indem. Co. v. Dingwell, 414 A.2d 220, 227 (Me. 1980). Accordingly, the motions for summary judgment are stayed pending the outcome of the underlying tort case.

The entry is

Motions for Summary Judgment are STAYED pending the outcome of Bragg v. Soley, et al., Docket No. CV-03-34.

Dated at Portland, Maine this 4th day of March 2004.

_____
Robert E. Crowley
Justice, Superior Court

/ March 10, 2004

See order on motion for Correction

dated March 10, 2004

4

STATE OF MAINE

CUMBERLAND, SS.

STATE OF MAINE
CUMBERLAND
CLERK'S OFFICE

2004 MAR -9 P 3: 48

REC - CUM - 3/9/2004

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-03-228

UNITED NATIONAL INSURANCE
COMPANY,

      Plaintiff,

v.

THOMAS BRAGG,

      Defendant

and

THE BETTER END, INC., d/b/a
THE BETTER END TAVERN,
STEPHEN WALLACE, SCOTT
ORCHOW, JOSEPH SOLEY,
EMILY KRONHOLM, and
MIGUEL TORRES,

      Parties-In-Interest

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

PLAINTIFF'S RULE 60(a) MOTION
FOR CORRECTION ON ORDER ON
MOTIONS FOR SUMMARY
JUDGMENT

MAY 12 2004

NOW COMES Plaintiff, United National Insurance Company, by and through undersigned counsel, pursuant to Rule 60(a) of the Maine Rules of Civil Procedure, and moves this Court for clerical correction on the recently issued Order on Motions for Summary Judgment. In the first sentence of the Order, and in the final sentence on page 3 before the "Discussion" section, the Court references a cross-motion for summary judgment filed by the "Defendant The Better End Tavern ("Tavern")." The reference to the cross-motion for summary judgment should be to the cross-motion filed by Defendant Thomas Bragg. The Defendant Tavern filed an opposition to the Plaintiff's Motion for

Summary Judgment, but did not file a cross-motion for summary judgment under M.R.Civ.P. 56(b).

Dated at Portland, Maine, this 9th day of March, 2004.

NORMAN, HANSON & DETROY, LLC

By: _____
Russell B. Pierce, Jr., Esq.
Bar No. 7322
Attorney for Plaintiff

415 Congress Street
P.O. Box 4600
Portland, ME 04112

## ORDER

Motion granted per M.R.Civ.P. 60(a). The first sentence of this Court's Order on Motions for Summary Judgment dated March 4, 2004 is amended to read "Motions for Summary Judgment made by Plaintiff and Defendant Thomas Bragg are before the court." The reference to a Motion for Summary Judgment filed by "Defendant Tavern" on page 3 of this Order is similarly amended to read "Defendant Bragg." The Clerk shall incorporate this Order by reference on the docket pursuant to Rule 79(a).

Dated: March 10, 2004

_____
Justice, Superior Court

2