STATE OF MAINE

CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-03-713

ROSS GREEN & ASSOCIATES, INC.,

   Plaintiff

v.

FLEET NATIONAL BANK,

   Defendant

STATE OF MAINE
Cumberland, ss, Clerk's Office
SUPERIOR COURT

JUN 23 2004

RECEIVED

ORDER

DONALD L. ⟨…⟩
LAW ⟨…⟩

'JUL 20 2004

Before this court is Defendant, Fleet National Bank's ("Fleet") Motion for Summary Judgment, pursuant to M.R. Civ. P. 56.

## FACTS

In October 2000, Plaintiff, Ross Green & Associates, Inc. ("Ross"), an employment recruiting firm, sent Defendant Fleet the resume of a prospective employee, Brett Miller, as well as a Fee Schedule and Employment Agreement. After receipt of Brett Miller's resume, Defendant Fleet decided to offer him the position of Investment Advisor in December 2000. Brett Miller accepted the offer, but then immediately reneged when his existing employer offered to pay him more money. Plaintiff Ross did not seek a placement fee as a result of this incident.

In April 2002, Plaintiff Ross again discussed the possible hiring of Brett Miller with Defendant Fleet. Defendant Fleet indicated that it was not interested in hiring Brett Miller. On May 19, 2003, however, Defendant Fleet hired Brett Miller as an

investment advisor. Defendant Fleet, however, did not pay Plaintiff Ross a placement fee in regard to this hiring of Brett Miller.

Accordingly, Plaintiff Ross filed a Complaint in the Cumberland County Superior Court on December 24, 2003. In response, Defendant Fleet filed a Motion for Summary Judgment with this court on May 4, 2004.

## DISCUSSION

A party is entitled to summary judgment where there exists no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. M.R. Civ. P. 56(c); Saucier v. State Tax Assessor, 2000 ME 8, ¶ 4, 745 A.2d 972, 974. A material fact is one having "the potential to affect the outcome of the suit." Kenny v. Dep't of Human Services, 1999 ME 158, ¶ 3, 740 A.2d 560, 562. A genuine issue exists when sufficient evidence supports a factual contest to require a fact finder to choose between competing versions of the truth at trial. Blanchet v. Assurance Co. of Am., 2001 ME 40, ¶ 6, 766 A.2d 71, 73 (citation omitted).

First, Defendant Fleet argues that a contract did not exist with Plaintiff Ross when Brett Miller was hired in May 2003. Specifically, Defendant Fleet asserts that the agreement Plaintiff Ross provided it in October 2000, was an offer for a "reverse unilateral contract," which was never accepted. Conversely, however, Plaintiff Ross contends that the plain terms of the Employer Agreement broadly provided for a placement fee to be due in the event a candidate was hired by Defendant Fleet. (PSMF at ¶ 18.)

"The interpretation of an unambiguous contract is a question of law." Guilford Transportation Industries v. Public Utilities Commission, 2000 ME 31 ¶ 13, 746 A.2d 910, 914 (citation omitted). "If the contract is ambiguous, its meaning is a question of fact for the factfinder, and extrinsic evidence can be admitted to show the intention of

2

the parties." Id. (citation omitted). The Restatement of the Law of Contracts gives the following example of a reverse unilateral contract:

> A, a real estate broker, without authority from B, the owner of the property, obtains from C an offer to purchase the property from B on terms which include payment of a specified commission by B to A. A then presents C's offer to B. B's acceptance of C's offer also accepts A's offer of services and forms a contract between A and B.

Restatement (Second) of Contracts § 55, Illustration 4 (1981).

In the case at bar, in October 2000, Plaintiff Ross made an initial offer of Brett Miller's resume to Defendant Fleet that was accepted and subsequently rejected when Brett Miller reneged. The contract broadly provided that "[a] placement fee is due from [Fleet] in the event a candidate referred by [Ross Green] is hired by [Fleet]." In April 2002, an additional oral offer of Brett Miller was made by Plaintiff Ross, but was orally rejected by Defendant Fleet. Subsequently, in May 2003, Defendant Fleet hired Brett Miller for a position it had available.

Viewing the evidence in the light most favorable to the nonmoving party, Plaintiff Ross, this court finds that a contract could have existed between the parties when Brett Miller was hired in May 2003. Accordingly, it is necessary for this court to determine if Defendant Fleet's hiring of Brett Miller occurred within a "reasonable time."

The Employment Agreement in question does not provide when it will expire. An offeree's power of acceptance is terminated at the end of a reasonable time when no time limit is specified in the offer. Restatement (Second) of Contracts § 41 (1981). "What is a reasonable time is a question of fact, depending on all the circumstances existing when the offer and attempted acceptance are made." Id. "Generally courts will not interpret contracts as being of infinite duration unless the agreement expressly

3

states that is the intention of the parties." Bangor & A.R.. Co. v. Daigle, 607 A.2d 533, 535 (Me. 1992). Courts in other states, based on evidence of local custom, have determined that a reasonable time between referral and hire for purposes of determining whether a placement fee is due is up to one year. See Michael J. Vinzez v. Hintzsche Fertilizer, Inc., 336 Ill. App. 3d 468, 783 N.E.2d 1087, 1090-91 (Ill. App. 2003).

Here, Defendant Fleet argues that the local custom in Maine between a referral and hire for purposes of determining if a placement fee is due is between six months and a year. (DSMF at ¶¶ 13-14.) Plaintiff Ross, however, distinguishes this fact by providing that although "it is customary in Maine for agencies such as his to claim a placement fee when a candidate is hired within a year of a referral[,]" "there is [no] custom in Maine pursuant to which a recruitment agency would forfeit its entitlement to a fee simply because more than a year has transpired between the referral and the hiring." (PSMF at ¶ 13.) In addition, this court notes that the Maine statute of limitations for contract actions is six years. See 14 M.R.S.A. § 752 (2003). Hence, this court finds that a genuine issue of material fact exists and therefore summary judgment is inappropriate in this case.

Based on these determinations, this court does not find it necessary to address the remaining issues presented in this case.

WHEREFORE, this court **DENIES** Defendant Fleet's Motion for Summary Judgment, pursuant to M.R. Civ. P. 56.

Dated: June 23, 2004

Roland A. Cole
Justice, Superior Court

4

COURTS
d County
x 287
e 04112-0287

RUFUS BROWN ESQ
PO BOX 7530
PORTLAND ME 04112

COURTS
nd County
x 287
e 04112-0287

JONATHAN MERMIN ESQ
PO BOX 9546
PORTLAND ME 04112