STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-03-131

RITA DREW,

    Plaintiff

v.

**ORDER**

TODD GILDERSLEEVE,
KARI GILDERSLEEVE,
PAUL GILDERSLEEVE, and
DOROTHY GILDERSLEEVE,

    Defendants

DONALD L. GARBRECHT
LAW LIBRARY

AUG 27 2004

Before this court is Plaintiff, Rita Drew's ("Drew") Motion for Summary Judgment, as well as Defendants, Todd, Kari, Paul and Dorothy Gildersleeve's ("Gildersleeve") Cross-Motion for Summary Judgment, pursuant to M.R. Civ. P. 56(c).

## FACTS

Defendants Gildersleeve's title extends back to April 27, 1827. On said date, William Leavitt divided his farm between his two sons, James Leavitt and William Leavitt, Jr. This deed contained specific language creating an easement over the property of William Leavitt Jr. in favor of James Leavitt, the owner of the dominant estate, which is now owned by Defendants Gildersleeve. Specifically, this deed "reserv[ed] no more to myself than is deed[ed] to me by his deed, reserving a privilege of a road to my land where it is convenient, and do the least damage, also the carding ma[c]hine and apparatus."

Defendants Gildersleeve's and Plaintiff Drew, however, have conflicting views as to what kind of easement this deed creates. Accordingly, due to this court's order dated March 15, 2004, Plaintiff Drew and Defendants Gildersleeve filed Cross-Motions for Summary Judgment requesting that this court determine what kind of easement the above language has created.

## DISCUSSION

A party is entitled to summary judgment where there exists no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. M.R. Civ. P. 56(c); Saucier v. State Tax Assessor, 2000 ME 8, ¶ 4, 745 A.2d 972, 974. A material fact is one having "the potential to affect the outcome of the suit." Kenny v. Dep't of Human Services, 1999 ME 158, ¶ 3, 740 A.2d 560, 562. A genuine issue exists when sufficient evidence supports a factual contest to require a fact finder to choose between competing versions of the truth at trial. Blanchet v. Assurance Co. of Am., 2001 ME 40, ¶ 6, 766 A.2d 71, 73 (citation omitted).

Here, no factual dispute exists regarding the existence of the easement. There does, however, exist a dispute regarding whether or not the easement that was created is an easement in gross or an easement appurtenant.

> The law recognizes two different types of easements or rights of use over the property of another: easements appurtenant and easements in gross. Grantors create easements appurtenant to benefit a dominant estate and such easements run with the land. To be appurtenant, the easement must be attached or related to a dominant estate.

> In contrast, easements in gross are personal interest in land or the right to use another's land. They are not appurtenant to any estate in land and do not belong to any person by virtue of his ownership of an estate in other land. An easement in gross is generally not assignable and terminates upon the death of the grantee.

2

<u>Wentworth v. Sebra</u>, 2003 ME 97, ¶¶ 12-13, 829 A.2d 520, 524 (citations and quotations omitted).

"When construing deeds created prior to the enactment of the Short Forms Deeds Act, we look to the laws in effect at the time the deed was drafted. In [1827], the common law strictly required the use of the technical word heirs in a deed to an individual to create an interest in land of perpetual duration." <u>Id</u>. ¶ 14, 829 A.2d at 524-25 (citations and quotations omitted). "More recently, in *Stickney*, we considered a reserved right-of-way and determined that even though the easement clause omitted the term heirs, the easement was perpetual because the grantor's intent to make it perpetual could be presumed from the facts at play." <u>Id</u>. ¶ 16, 829 A.2d at 525 (citation and quotations omitted). "We applied the longstanding rule that, in the context of a reservation of an easement for the benefit of land retained by the grantor, the failure to include the term heirs may be overlooked if the parties' intent is clearly discernible from the deed or the facts of the case." <u>Id</u>. (citation and quotations omitted).

In the case at bar, the deed provides that "reserving no more to myself than is deed[ed] to me by his deed, reserving a privilege of a road to my land where it is convenient, and do the least damage, also the cording ma[c]hine and apparatus." (Deed From James Leavitt to William Leavitt, April 21, 1827 at 1.) This easement reservation language has not been contained in any subsequent deed. In fact, Plaintiff Drew specifically testified that "[b]ecause I believe prior to them [the Gildersleeves] buying it that property was sold to another party and the right-of-way privilege dropped." (Statement of Material Facts Not in Dispute at ¶ 5.)

Despite this, however, the grantor's intent can be presumed from the facts presented. <u>See</u> <u>Stickney v. City of Saco</u>, 2001 ME 69, ¶¶ 38-39, 770 A.2d 592, 607. More specifically, the language creating the easement in question professes to create a benefit

in favor of what is now Defendants Gildersleeve's land, instead of a personal benefit in favor of "the grantor and others." Le May v. Anderson, 397 A.2d 984, 987 (Me. 1979) (quotations omitted).

In addition, even though easement language in question does not delineate the exact location, size or duration of the easement, it does *"reserve"* a right for the dominant estate, Defendants Gildersleeve's property, to access the portion of their property that would otherwise be inaccessible.[1] See Stickney v. City of Saco, 2001 ME 69, ¶¶ 28, 41, 770 A.2d 592, 604, 606 (holding that language "reserving a right of way, ten feet wide on the South-easterly side of said lot, from said Taskers lane to the rear of the grantors buildings, said way to be unobstructed" created an easement appurtenant). Accordingly, this court finds that although "pre-Act deeds [] still [need] [to] be construed under the laws existing at the time they were drawn," here "the parties' intent as discerned from the facts [and] the deed clearly indicate[] a contrary result." Id. ¶ 39, 770 A.2d at 607 (citing Gilder v. Mitchell, 668 A.2d 879, 881 (Me. 1995)).

Moreover, this court also notes that Plaintiff Drew, the servient tenement owner, should have had constructive notice of the easement in question. Defendants Gildersleeve's survey confirmed the easement, accordingly Plaintiff Drew could have made similar discovery if, she had made due inquiry before she purchased her property. See Le May, 397 A.2d at 989.

Therefore, based on these findings, this court concludes that the language in question created an easement appurtenant. See ALC Development Corp. v. Walker, 2002 ME 11, ¶ 17, 787 A.2d 770, 775 (holding that "[e]asements are presumed to be

---

[1]    Specifically, the language of the deed indicates that the easement in question is needed to access the back portion of what is now Defendants Gildersleeve's property, as well as to bring equipment to harvest the trees on said property. (See Deed From James Leavitt to William Leavitt, April 21, 1827 at 1.)

4

appurtenant if there is a dominant tenement and there is nothing to show that the parties intended the easement to be personal.") (citing <u>Anchors v. Manter</u>, 1998 ME 152, ¶ 10, 714 A.2d 134, 138-39).

WHEREFORE, this court **DENIES** Plaintiff Drew's Motion for Summary Judgment, and **GRANTS** Defendants Gildersleeve's Cross-Motion for Summary Judgment, pursuant to M.R. Civ. P. 56(c).

Dated: August 20, 2004

G. Arthur Brennan
Justice, Superior Court

```
Paul Aranson, Esq.   - PL
Thomas Laprade, Esq. - DEFS
Derek Gamble, Esq.   - DEFS
```