2009 ME 81

**In re PENELOPE W.**

Supreme Judicial Court of Maine.

Submitted on Briefs: June 4, 2009.

Decided: Aug. 4, 2009.

Penelope W., pro se.

Janet T. Mills, Attorney General, Janine A. Raquet, Asst. Atty. Gen., Office of the Attorney General, Augusta, ME, for the Dorothea Dix Psychiatric Center.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, and GORMAN, JJ.

LEVY, J.

[¶ 1]   Penelope W. appeals from a judgment entered in the Superior Court (Penobscot County, *Anderson, J.*) dismissing her appeal of a judgment of the District Court (Bangor, *Gunther, J.*) ordering her involuntary commitment pursuant to 34–B M.R.S. § 3864 (2008).  Penelope, who was represented by appointed counsel before the District Court but has proceeded without counsel before the Superior Court and the Law Court, raises several issues on appeal, contending primarily that the Superior Court abused its discretion by denying her procedural motions and that she was deprived of various constitutional rights.  We do not reach the merits of her appeal, but instead vacate the Superior Court's dismissal and remand the case for the appointment of counsel and further proceedings.

## I.  BACKGROUND

[¶ 2]   In March 2008, Penelope was admitted to Acadia Hospital on an emergency basis pursuant to 34–B M.R.S. § 3863 (2008) due to her delusional belief that flies were infesting her residence and entering her body.  Shortly thereafter, the Dorothea Dix Psychiatric Center (DDPC) filed an application for a hearing pursuant to 34–B M.R.S. § 3864 to determine whether Penelope's hospitalization should be continued.

[¶ 3]   The District Court held a hearing on the DDPC's application in April 2008.  Although Penelope was provided court-appointed counsel, the court continued the hearing at Penelope's request to allow Pe-

nelope more time to research her case. At the second hearing, Penelope requested permission to represent herself with advice from her appointed counsel, but the court denied her request on the grounds that there was "substantial evidence" that she was not mentally fit to handle her own case.

[¶ 4] After the hearing, the court found by clear and convincing evidence that Penelope's delusional beliefs and her response to those beliefs posed a likelihood of serious harm. The court ordered Penelope to remain at the DDPC for a period not to exceed ninety days.

[¶ 5] Penelope subsequently appealed to the Superior Court. Penelope proceeded without counsel, stating on her notice of appeal that an "[a]ssigned attorney is no longer applicable." However, the transcript order, which was not completed by Penelope herself, stated that Penelope's attorney was the same attorney who served as Penelope's appointed counsel before the District Court. There is no other indication in the record that Penelope requested counsel or was denied counsel before the Superior Court. Penelope was released from the DDPC in July 2008, while her appeal to the Superior Court was pending.

[¶ 6] An attorney never appeared on behalf of Penelope before the Superior Court. The court denied several motions and petitions filed by Penelope, but granted in part her motion to extend the briefing deadline. However, after Penelope failed to comply with the extended deadline, the court dismissed her appeal for failure to comply with the briefing require-ments provided by M.R. Civ. P. 76G(a). Penelope filed a motion for reconsideration, which the court denied. This appeal followed.

## II. DISCUSSION

[¶ 7] Penelope contends that she was deprived of her constitutional right of self-representation before the District Court, that the proceedings in the District Court and Superior Court were biased, that the Superior Court abused its discretion by denying her procedural motions, and that she was deprived of various constitutional rights.[1] We do not reach Penelope's contentions, including her claim of a constitutional right to proceed without counsel, because the involuntary commitment statute requires that a person who is the subject of a petition must be provided counsel at every stage of the proceeding, including all appeals. *See* 34–B M.R.S. § 3864(5)(D). Because Penelope was not provided counsel before the Superior Court or before us, we vacate the dismissal and remand this case to the Superior Court for the appointment of counsel and further proceedings.

[¶ 8] Although we recognize the irony of remanding for the statutorily required appointment of counsel in light of Penelope's contention that she has a constitutional right to proceed *without* counsel, we must nonetheless remand. Unless and until we are persuaded that a constitutional right was violated, we must enforce the statute. With the benefit of counsel, she may be more persuasive regarding her constitutional claims.

---

1. The DDPC asserts that Penelope's appeal is moot because her appeal does not fall under any exception to the mootness doctrine, and that our decision in *In re Walter R.* improperly concluded that the collateral consequences exception applies to appeals of involuntary commitment orders. *See* 2004 ME 77, ¶¶ 10–11, 850 A.2d 346, 349–50. Because we conclude that Penelope's appeal was improperly dismissed because she did not have the assistance of counsel before the Superior Court, we do not reach the DDPC's argument.

[¶ 9] Section 3864(5) establishes when an involuntary commitment hearing must occur, what evidence must be presented at the hearing, how the hearing must be conducted, and that counsel must be afforded to the person who is the subject of the hearing. Specifically, section 3864(5)(D) provides that "[t]he person must be afforded an opportunity to be represented by counsel, and, if neither the person nor others provide counsel, the court shall appoint counsel for the person." 34–B M.R.S. § 3864(5)(D). Thus, section 3864(5)(D) explicitly requires that a person either provide counsel herself, or have counsel provided for her. The ability to proceed without legal representation at any of the key stages of an involuntary commitment proceeding is foreclosed by the statute.

[¶ 10] Section 3864(5)(D)'s explicit requirement that counsel be provided in involuntary commitment proceedings is grounded on sound public policy. As the District Court articulated in denying Penelope's request to represent herself, involuntary commitment hearings inevitably involve substantial questions regarding the mental status of the person who is the subject of the application. Permitting such persons to proceed without the benefit of an attorney runs the risk of giving those who may be incompetent the task of proving their own competence. That risk does not become any less substantial on appeal, where the questions surrounding the person's mental state have already been adjudicated in a judgment finding the person mentally ill.

[¶ 11] Although Penelope had the assistance of counsel at her hearing before the District Court, she did not have that assistance in her appeals before the Superior Court and this Court. Because section 3864 explicitly requires that counsel be provided in involuntary commitment proceedings, we vacate the Superior Court's dismissal of her appeal and remand for proceedings in which Penelope has the assistance of counsel.

The entry is:

Judgment of dismissal of the Superior Court vacated. Remanded to the Superior Court for proceedings consistent with this opinion.