2011 ME 58

**In re PENELOPE W.**

Supreme Judicial Court of Maine.

Submitted on Briefs: April 27, 2011.
Decided: May 17, 2011.

Aaron M. Frey, Esq., Bangor, ME, for Penelope W.

Penelope W., pro se.

William J. Schneider, Attorney General, Janine A. Raquet, Asst. Atty. Gen., Office of the Attorney General, Augusta, ME, for the Dorothea Dix Psychiatric Center.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

SILVER, J.

[¶ 1] Penelope W. appeals from a judgment of the Superior Court (Penobscot County, *Anderson, J.*) affirming an involuntary commitment order entered in the District Court (Bangor, *Gunther, J.*). Penelope argues that the Superior Court erred in holding that she had not preserved her claims, and in its alternative holding that the statutory requirement of counsel in involuntary commitment proceedings is constitutional. Penelope raised

additional arguments in her briefing that we find without merit. We affirm the judgment.

[¶ 2] The facts of this case are described in *In re Penelope W.* (*Penelope I* ), 2009 ME 81, ¶¶ 2–6, 977 A.2d 380, 380–81. Penelope was hospitalized at Acadia Hospital on an emergency basis in March 2008. On application of Dorothea Dix Psychiatric Center (DDPC), the District Court held a hearing to determine whether her involuntary hospitalization should be continued at that facility. Penelope requested that she be permitted to represent herself at the hearing, but the court required her to be represented by her attorney, noting that "the key issue here is your mental condition." After the hearing, the court concluded that DDPC had met its burden of showing that Penelope was mentally ill because of her delusional beliefs regarding an insect infestation, and that she presented a likelihood of serious harm to herself and others because of her methods to eliminate the perceived insects. The court therefore ordered that Penelope's hospitalization continue for up to ninety days.

[¶ 3] Penelope appealed the judgment to the Superior Court, proceeding without counsel. The court dismissed that appeal for failure to comply with the briefing requirements. This Court vacated that judgment and remanded the case for appointment of counsel and further proceedings. *Penelope I*, 2009 ME 81, ¶ 1, 977 A.2d at 380.

[¶ 4] On remand, the Superior Court appointed two attorneys as counsel to Penelope. After briefing, the court issued a judgment denying the appeal, holding that Penelope had failed to properly preserve her claims, and additionally that those claims failed on the merits. Penelope filed this appeal of the Superior Court's judgment.

[¶ 5] As an initial matter, we note that although Penelope was discharged from the commitment at issue in July 2008, the collateral consequences exception to the mootness doctrine applies, and the claim is not barred as moot. *See In re Walter R.*, 2004 ME 77, ¶ 10, 850 A.2d 346, 349. We next address the court's determination that Penelope failed to preserve her argument that the imposition of counsel violated her constitutional right to self-representation. Although Penelope did not make this specific argument before the District Court, she did raise the issue generally by making the request to proceed pro se several times, and in the circumstances presented here we will address the merits.

[¶ 6] Having determined that the appeal is properly before us and the constitutional issue on appeal is preserved, we affirm the judgment of the Superior Court on its alternative holding that the statutory requirement that persons facing involuntary commitment be represented by counsel does not violate the Maine Constitution.

[¶ 7] "A statute is presumed to be constitutional and the person challenging the constitutionality has the burden of establishing its infirmity." *Kenny v. Dep't of Human Servs.*, 1999 ME 158, ¶ 7, 740 A.2d 560, 563. We review de novo whether that burden has been met. *State v. Thomas*, 2010 ME 116, ¶ 19, 8 A.3d 638, 644.

[¶ 8] Title 34–B M.R.S. § 3864(5)(D) (2010) states that at an involuntary commitment hearing, "[t]he person must be afforded an opportunity to be represented by counsel, and, if neither the person nor others provide counsel, the court shall appoint counsel for the person." We held in *Penelope I* that the statute requires counsel at all stages of involuntary commitment proceedings. 2009 ME

81, ¶ 9, 977 A.2d at 382. We declined in that case to decide the issue of whether the requirement is constitutional, but did note that the requirement "is grounded on sound public policy" because such hearings "inevitably involve substantial questions regarding the mental status of the person who is the subject of the application." *Id.* ¶¶ 7, 10, 977 A.2d at 381, 382.

[¶ 9] Although there is a limited right to self-representation in criminal cases, the United States Supreme Court has observed that there are significant differences between civil commitment proceedings and criminal prosecutions. *See Addington v. Texas,* 441 U.S. 418, 428–29, 99 S.Ct. 1804, 60 L.Ed.2d 323 (1979).[1] We now hold that section 3864's requirement that persons facing involuntary commitment be represented by counsel does not violate a patient's constitutional rights, and affirm the judgment of the Superior Court on this alternative basis. Because Penelope's remaining claims are not persuasive, we do not address them.

The entry is:

Judgment affirmed.

1. The United States Supreme Court has held more recently that even in criminal cases, the right of self-representation is not absolute under the United States Constitution, and a state may require a defendant to be represented by counsel if it concludes that the defendant does not have the mental competence to conduct his own trial proceedings. *See Indiana v. Edwards,* 554 U.S. 164, 171, 177–78, 128 S.Ct. 2379, 171 L.Ed.2d 345 (2008).