STATE OF MAINE                                  BUSINESS AND CONSUMER COURT

Cumberland, ss.                                          Docket Nos. BC-RE-10-22
                                                                     BC-RE-10-23
                                                                     BC-RE-10-24
                                              AMH— CUM-5/16/2013

FARNHAM POINT CASES

### ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT
### OF THIRD-PARTY DEFENDANT JOEL BOWIE
### AGAINST THIRD-PARTY PLAINTIFFS STEPHEN AND ELEANOR ALLEY

In these consolidated cases, Joel F. Bowie has been named as a third-party defendant in claims by defendants Stephen and Eleanor Alley and defendants Daniel and Angela Alley. The gravamen of both sets of third-party claims is that Third-party Defendant Bowie, a licensed Maine attorney, is liable to the Third-party Plaintiffs for negligent preparation of deeds regarding their real property. Third-party Defendant Bowie has filed a motion for partial summary judgment against Stephen and Eleanor Alley, and a motion for summary judgment against Daniel and Angela Alley. Both motions are opposed.

Attorney Bowie's motions were discussed at a chambers conference May 3, 2013, and the court elects to decide them without further argument. *See* M.R. Civ. P. 7(b)(7). Although there is some overlap between the third-party claims and the motions, the court addresses Third-Party Defendant Bowie's separate motions in separate orders, this Order focusing on the motion for partial summary judgment as to the third-party claim of Stephen and Eleanor Alley.

### Factual Background

Stephen and Eleanor Alley's third-party claim against attorney Bowie constitutes just one part of neighborhood-wide litigation centering on rights in Farnham Point Road in Boothbay Harbor. One of these three consolidated cases was commenced by Mary Hamilton, who purchased a lot from Stephen and Eleanor Alley. Attorney Bowie drafted the

1

deed to Ms. Hamilton from the senior Alleys (Stephen and Eleanor Alley being the parents of Daniel Alley and parents-in-law of Daniel's wife, Angela). The deed purports to convey with the lot a right of way over Farnham Point Road to the public ways.

Because Ms. Hamilton's right to access her lot via Farnham Point Road was challenged by the Farnham Point Association, she filed suit seeking a declaration that her lot had a right of way over Farnham Point Road to the public ways, and she also sued the senior Alleys for breach of warranty covenant relating to the right of way.

In another of these cases, Farnham Point Association brought suit against a variety of defendants, including Stephen and Eleanor Alley, who own other property off Farnham Point Road beyond the lot they conveyed to Mary Hamilton. The Association sought a determination that Stephen and Eleanor Alley had no rights of access to or from their property via Farnham Point Road.

Having been named as defendants by both the Association and Mary Hamilton, the senior Alleys, in turn, brought a third-party claim alleging negligence against attorney Bowie. A fair reading of their third-party complaint indicates that, in addition to their third-party claims, the Alleys have brought independent claims against Mr. Bowie, for damages not limited to their liability as defendants. *See* M.R. Civ. P. 14(a) (third-party claim by a defendant as third-party plaintiff); *id.* 18(a) (third-party plaintiff may include independent or alternate claims for relief against third-party defendant).

In the course of the neighborhood-wide litigation, this court ruled that the current or former property of Stephen and Eleanor Alley, including Mary Hamilton's lot and the other lots still owned by the Alleys, has no appurtenant rights of access over Farnham Point Road, and that ruling was upheld on appeal. *See Farnham Point Assoc. v. Hamilton,* Mem. 12-89 (Me. Supr. Jud. Ct. July 12, 2012). Ms. Hamilton has agreed to a settlement of her claim

2

against Stephen and Eleanor Alley, and she has sought dismissal of that claim (reserving her access claim by virtue of being an Association member).

Attorney Bowie's motion for partial summary judgment against Stephen and Eleanor Alley is akin to a motion *in limine*, in that it seeks, not judgment in attorney Bowie's favor, but a ruling precluding Stephen and Eleanor Alley from recovering certain damages. Those damages claims are discussed in detail *infra*, in the context of the court's analysis of the issues.

## Analysis

Pursuant to M.R. Civ. P. 56(c), a moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, . . . show that there is no genuine issue as to any material fact set forth in those statements and that [the] party is entitled to a judgment as a matter of law." A party wishing to avoid summary judgment must present a prima facie case for each element of a claim or defense that is asserted. *See Reliance Nat'l Indem. v. Knowles Indus. Svcs.*, 2005 ME 29, ¶ 9, 868 A.2d 220. At this stage, the facts in the summary judgment record are reviewed "in the light most favorable to the nonmoving party." *Lightfoot v. Sch. Admin. Dist. No. 35*, 2003 ME 24, ¶ 6, 816 A.2d 63.

"If material facts are disputed, the dispute must be resolved through fact-finding." *Curtis v. Porter*, 2001 ME 158, ¶ 7, 784 A.2d 18. A factual issue is genuine when there is sufficient supporting evidence for the claimed fact that would require a fact-finder to choose between competing versions of the facts at trial. *See Inkel v. Livingston*, 2005 ME 42, ¶ 4, 869 A.2d 745. "Neither party may rely on conclusory allegations or unsubstantiated denials, but must identify specific facts derived from the pleadings, depositions, answers to interrogatories, admissions and affidavits to demonstrate either the existence or absence of

3

an issue of fact." *Kenny v. Dep't of Human Svcs.*, 1999 ME 158, ¶3, 740 A.2d 560 (quoting *Vinick v. Comm'r*, 110 F.3d 168, 171 (1st Cir. 1997)).

As noted above, Mr. Bowie's motion for partial summary judgment resembles a motion *in limine*, in the sense that, rather than seeking judgment in favor of Mr. Bowie, it seeks only to limit the Alleys' damages.

The damages that are clearly within the scope of Stephen and Eleanor Alleys' third-party claim against attorney Bowie are (1) any damages sustained by them (or settlement payment in lieu of damages) as a result of being found liable to Mary Hamilton or to Farnham Point Association, and (2) any attorney fees and costs incurred by the Alleys in defending against Mary Hamilton's claim or Farnham Point Association's claim against them. *See Dionne v. LeClerc*, 2006 ME 34, ¶24, 896 A.2d 923, 931 (defendant landowner in third-party complaint against vendor for breach of the covenant of warranty was entitled to attorney fees incurred in unsuccessfully defending title).

As to the first item listed, although the Association prevailed in its claim against Stephen and Eleanor Alley by way of the court's ruling that the Alleys' property did not have any appurtenant rights of access over Farnham Point Road, no damages were awarded to the Association, so there is no liability on the part of the Alleys to the Association to pass through to attorney Bowie via the third-party claim against him.   As to the Alleys' liability to Mary Hamilton, the court notes that Mary Hamilton has filed a motion to dismiss her claims against the Alleys "in exchange for payment by Third-Party Defendant Joel F. Bowie."  If the Alleys or anyone on their behalf has not made any payment to Ms. Hamilton on her claim, then their third-party claims against attorney Bowie may be limited to recovering the attorney fees expended in defending against her claims.

4

Attorney Bowie's motion for partial summary judgment does not dispute that he may be liable to Stephen and Eleanor Alley for their costs of defending and, to the extent incurred, resolving Mary Hamilton's claim against them. Instead, the Bowie motion focuses on other elements of damages that the senior Alleys are seeking. Those damages fall into three categories: damages for harm to the property they still own; damages for harm to reputation, and damages for emotional distress. Those categories will be analyzed *infra* in the order just mentioned, and based on that analysis, the court will grant partial summary judgment.

*(a) Alleged Loss regarding Remaining Property*

According to the Statement of Material Facts and affidavit submitted in response to the Third-Party Defendant Bowie's Motion for Partial Summary Judgment, the senior Alleys have two lots remaining to be sold in their Westwind subdivision. They claim that the filing of a *lis pendens* in 2005 has prevented them from selling those lots and has caused them "lost principal of over $240,000." The *lis pendens* in question is not part of the summary judgment record. *See* M.R. Civ. P. 56(e) ("Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.) There is nothing before the court indicating whether the *lis pendens* even covers the two lots that the senior Alleys still own. Because the Alleys' opposition does not include the *lis pendens* in admissible form, the predicate for their property damages claim is missing.

Thus, quite apart from being unclear on what "lost principal" means and how the figure of more than $240,000 was derived, the Alleys' opposition to the Bowie motion fails to present a *prima facie* basis, in the form of facts or documents admissible in evidence, for awarding damages on their property claim.

5

*(b) Harm to Reputation*

Stephen and Eleanor Alley also seek an award of damages against attorney Bowie for harm to their reputation. Harm to reputation is a compensable element of damages in a legal malpractice case. *See Burton v. Merrill*, 612 A.2d 862, 865 (Me. 1992).

However, the Alleys' summary judgment opposition does not substantiate their claim for harm to reputation by any facts admissible in evidence. The only response in their opposition consisted of a statement in Eleanor Alley's affidavit that "we believe our reputation in the community has suffered, and that, among other things, realtors are now reticent [sic] to work with us on any listings and/or potential transactions." Eleanor Alley Affidavit ¶ 11. In the absence of any specifics, such as attempts to list that were rebuffed, the Third-party Plaintiffs have offered only what amounts to an unsupported statement of opinion. This is precisely the type of "conclusory allegation[]" that is insufficient under the summary judgment rule. *See Kenny v. Dep't of Human Svcs.*, 1999 ME 158, ¶ 3, 740 A.2d 560. The Alleys therefore have not made *a prima facie* showing of harm to reputation sufficient to withstand summary judgment on that aspect of their damages claim.

*(c) Emotional Distress Damages*

Stephen and Eleanor Alley also may be seeking damages for emotional distress although emotional distress is not mentioned in their Third-Party Complaint or in their statement of material facts in response to the Bowie motion. It may be that they do not seek such damages, but because their opposition does not explicitly disclaim such a claim, this Order will address their entitlement to emotional distress damages.

Third-Party Defendant Bowie argues that Stephen and Eleanor Alley are not entitled to recover for emotional distress damages, citing the Law Court decision in *Garland v. Roy*, 2009 ME 86, 976 A.2d 940 for the principle that "emotional distress damages [are] clearly

6

unrecoverable in a legal malpractice action for emotional distress allegedly arising out of the attorney's breach of the standard of care absent egregious action on the part of the attorney . . ." Third-Party Defendant Joel Bowie's Motion for Partial Summary Judgment With Respect to Third-Party Plaintiffs Stephen and Eleanor Alley at 8.

The reach of *Garland* does not extend quite as far as the Bowie motion argues. The Law Court in *Garland* said, "We have never allowed the recovery of emotional distress damages in legal malpractice actions that involve only an economic loss *and* no egregious conduct by the attorney." *Garland v. Roy*, 2009 ME 86 at ¶24, 976 A.2d at 948 (emphasis added). The pertinent holding of *Garland* echoes that principle. *Id.*, 2009 ME 86 at ¶26, 976 A.2d at 948 ("Because the Garlands' loss was purely economic, and Roy did not act egregiously, emotional distress damages are not recoverable in this legal malpractice action.") The corollary of the principle is that, even where the defendant attorney does not act egregiously, emotional distress damages may be recovered when the plaintiff has sustained non-economic loss.

Although the *Garland* case is not the complete bar to liability for emotional distress damages in this case that the Bowie motion suggests, the court agrees with Third-Party Defendant Bowie's conclusion that the Alleys cannot recover for emotional distress in this case. One reason is that, as stated previously, the Alleys have not made a *prima facie* showing of recoverable non-economic loss. The other reason is that the Alleys have failed in their opposition effectively to controvert Third-Party Defendant Bowie's assertion that they are not entitled to emotional distress damages. Their responsive Statement of Material Facts and the affidavit submitted with it do not contain any mention of emotional distress whatsoever, and therefore do not make a *prima facie* showing sufficient to support a finding that they have sustained any compensable emotional distress.

7

Conclusion

For the reasons stated above, IT IS ORDERED:

Third-Party Defendant Joel Bowie's Motion for Partial Summary Judgment against Third-Party Plaintiffs Stephen and Eleanor Alley is granted.

Third-Party Plaintiffs Stephen and Eleanor Alley's damages recovery against Third-Party Defendant Bowie is limited to (1) any amounts awarded as damages against them as defendants in these cases; (2) any amounts they have paid to settle claims against them as defendants, and (3) their reasonable attorney fees and costs incurred in defending against claims brought against them by Mary Hamilton and/or the Farnham Point Association.

This case is set for bench trial on all remaining issues May 30 and 31, 2013.

Pursuant to M.R. Civ. P. 79(a), the clerk is hereby directed to incorporate this order by reference in the docket.

Date: May 16, 2013

A. M. Horton
Justice, Business and Consumer Court

Entered on the Docket: 5·16·13
Copies sent via Mail ___ Electronically ✓

8

BCD-RE-10-22     Mary Hamilton v. Stephen Alley, et al
BCD-RE-10-23     Farnham Point Assoc. v. Mary Hamilton, et al
BCD-RE-10-24     Farnham Point Assoc. v. George Hume, et al


Counsel for Plaintiff/ Defendant Mary Hamilton:

Jonathan Hull, Esq.
P.O. Box 902
Damariscotta, ME 04543

Counsel for Defendant Daniel & Angela Alley and Stephen and Eleanor Alley

Eliot Field, Esq.
P.O. Box 583
Wiscasset, ME 04578

Counsel for Defendant Robert Newding:

Andrew Sparks, Esq.
Drummond & Drummond
One Monument Way
Portland, ME 04101

Counsel for Defendant/ Plaintiff Farnham Point Association:

Brian Willing, Esq.
Drummond Woodsum
84 Marginal Way, Suite 600
Portland, ME 04101

Counsel for 3rd Defendant Joel F. Bowie

James M. Bowie, Esq.
Thompson & Bowie
3 Canal Plaza
P.O. Box 4630
Portland, ME 04112

Counsel for Joanne & Jeffrey Dimauro

David Hirshon, Esq.
Hirshon Law Group, P.C.
208 Fore Street
Portland, ME 04101